The Vandalia Levee and Drainage District, Defendant in Error, *vs.* The Vandalia Railroad Company *et al.* Plaintiffs in Error.

*Opinion filed October 28, 1910—Rehearing denied Dec. 8, 1910.*

1. Drainage—*rules applicable to a common law jury apply in empaneling jury under section 37 of Levee act.* Since section 37 of the Levee act, as amended in 1907, has prescribed no procedure for empaneling the jury to assess benefits, the rules prescribed by law for the organization of a common law jury apply, and notice must be given to the parties interested, to enable them to be present and participate in the selection of the jury.

2. Same—*section 69 of Administration act, relating to transferring cases to the circuit court, does not apply to drainage cases.* Section 69 of the Administration act, relating to the transferring of cases to the circuit court, refers only to the settlement of estates, and not to drainage cases in which the county judge is interested as an owner of land in the district, and in the latter case it is sufficient if another county judge is called in to preside.

3. Same—*the same jury cannot spread different assessments.* Proceedings under the Levee act for a second assessment, third assessment and an annual assessment are separate and distinct proceedings and must be prosecuted as such and be spread by different juries, even though one assessment is ordered before another one has been spread.

4. Same—*when prior assessments may be included with subsequent ones.* Prior assessments may be included with subsequent ones, under section 18 of the Levee act, only when such prior assessments were void and unpaid, owing to some irregularity in the proceedings not affecting the merits of the assessment.

5. SAME—*when unpaid assessments cannot be included in subsequent ones.* Drainage assessments which are unpaid because in part levied for a purpose unauthorized by law and spread by interested persons, and because the amount assessed included an assessment of benefits against land taken for right of way purposes, are not assessments which may be included in subsequent assessments under section 18 of the Levee act.

6. SAME—*Levee act, in authorizing assessment against town for benefit to highway, is valid.* Under section 31 of article 4 of the constitution, adopted as an amendment in 1878, if the highways of a town are benefited by a drainage improvement they may be assessed therefor, the assessment being enforceable against the town, and in so far as the Levee act authorizes such assessment it is valid and not in violation of sections 9 and 10 of article 9 of the constitution. (*Morgan* v. *Schusselle*, 228 Ill. 106, distinguished.)

7. SAME—*effect of a contract with a town or railroad company with reference to assessment.* A contract made, under section 55 of the Levee act, by drainage commissioners with a town or railroad company with reference to an assessment "about to be made" against such town or company can only apply to that particular assessment, and is no bar to subsequent assessments for benefits or to an annual assessment for repairs.

WRIT OF ERROR to the County Court of Fayette county; the Hon. MICHAEL O'DONNELL, Judge, presiding.

BROWN & BURNSIDE, and W. P. WELKER, for plaintiffs in error.

ALBERT & MATHENY, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is a writ of error sued out to review a judgment of the county court of Fayette county confirming drainage assessments against lands of plaintiffs in error, the Vandalia Railroad Company, the Illinois Central Railroad Company, the town of Sefton, Moses Hutchins, Sarah J. Hutchins, Flora Dawdy and Eva Webb, lying within the boundaries of the Vandalia Levee and Drainage District, in Fayette county.

The drainage district was organized in September, 1903, under the Levee act, and an original assessment of benefits was confirmed by the county court against all the lands in the district. Moses Hutchins, one of the plaintiffs in error here, appealed from the judgment of confirmation to this court, and the judgment against his lands, amounting to $611.38, was reversed because it included an assessment against those portions of said lands required, and in that proceeding sought to be taken, by the district for its levee, and the cause was remanded to the county court. (*Hutchins* v. *Vandalia Drainage District,* 217 Ill. 561.) No remanding order was ever filed in the county court and no further action was taken in the original proceedings to obtain a valid assessment against the lands owned by Hutchins. Thereafter an additional assessment in the sum of $25,000 was spread against the lands in the district by the commissioners under an order of the county court and as so spread was confirmed by the county court. The plaintiffs in error Moses Hutchins, Sarah J. Hutchins, Flora Dawdy and Eva Webb sued out a writ of error from this court to review the proceedings under the petition for the second assessment, and the judgments against their lands were reversed and the cause remanded to the county court because the commissioners who spread the assessment owned land in the district and because the assessment was in part levied to pay indebtedness already incurred. (*Vandalia Drainage District* v. *Hutchins,* 234 Ill. 31.) On July 21, 1908, the remanding order of this court in the last mentioned cause was filed in the county court, the cause was re-docketed, the petition was amended, and proceedings were had which resulted in an order of the county court on August 22, 1908, directing an assessment of benefits, under the amended petition, against the lands of the four plaintiffs in error last above named, on the basis of a total assessment of $21,000 against all the lands in the district instead of on the basis of a total assessment of $25,000, as originally ordered. This

order did not specify whether the assessment should be
spread by the commissioners or by a jury, and the court,
on November 14, 1908, upon the petition of the commis-
sioners of the district, entered a supplemental order di-
recting that such assessment be made by a jury of twelve
qualified persons empaneled and duly sworn as by the stat-
ute in such case made and provided. In the meanwhile, on
September 30, 1908, the commissioners had presented a pe-
tition to the county court for a third assessment of benefits,
in the sum of $4732.75, to repair certain breaks in the levee,
to pay certain incidental expenses of the district, and to
pay the amount awarded Moses Hutchins in a condemna-
tion proceeding for land taken by the district for levee pur-
poses, and also for an annual assessment of $2400 for the
purpose of making repairs and paying the incidental annual
expenses of the district, and the court had, on November 5,
1908, granted the prayer of the petition and ordered that
the assessments be made by a jury of twelve men to be
empaneled and selected according to law, and that any prior
assessments of benefits against any lands in the district
which had not been confirmed because of illegality or ir-
regularity in the making thereof might be added to the
amounts assessed against such lands in spreading the third
assessment. On November 14, 1908, the same day on which
the court ordered that the second assessment against the
lands of Moses Hutchins, Sarah J. Hutchins, Flora Dawdy
and Eva Webb be spread by a jury, the court, without no-
tice to any of the land owners of the district, ordered a
venire to issue for a jury, returnable November 17, 1908.
The jury was, in obedience to the venire, summoned from
the body of the county, was empaneled and sworn by the
court without notice to and in the absence of plaintiffs in
error, and proceeded to spread the second assessment against
the lands of Moses Hutchins, Sarah J. Hutchins, Flora
Dawdy and Eva Webb in accordance with the order of
August 22, 1908, and to spread the third assessment of

$4732.75 and the annual assessment of $2400 against all the lands in the district in accordance with the order of November 5, 1908, and added to the assessments so spread against the lands of Moses Hutchins the first assessment of $611.38, judgment for which had been reversed by this court in *Hutchins* v. *Vandalia Drainage District, supra.* Plaintiffs in error filed their several objections to the assessments against their lands and to the assessment roll made and returned by the jury. The Vandalia Railroad Company and the Illinois Central Railroad Company filed their joint motion to transfer the proceedings to the circuit court on the ground that the county judge of Fayette county was the owner of lands in the district. This motion was denied but the county judge of Effingham county was called in to hear the cause. Upon the hearing the court overruled all legal objections, and the jury modified the assessment roll by striking out the assessments made against the lands of the Vandalia Railroad Company and the Illinois Central Railroad Company in spreading the third assessment of $4732.75. The assessment roll as modified was confirmed by the court, and the plaintiffs in error by this writ of error seek to reverse the judgment of confirmation.

The proceedings now before us were had under the Levee act as amended May 20, 1907. Section 37 of the amended act provided that upon the hearing of a petition for an additional assessment the court might grant the prayer of the same, "and with like proceedings and notice as near as may be as in cases of original assessments of damages and benefits under this act," and that "when the right of way of the proposed ditches, drains, levees or other work within any district, has been released by the owners of the lands, or has been condemned according to law, over which said work or works are about to be located or when the owners of the lands in such district about to be assessed, agree thereto, the court may cause the assessment to be made by a jury, or may order the commissioners of said

district to make the assessment of benefit or benefits and damages, in lieu of a jury.". Acting under the authority conferred by this section of the act, the county court ordered that the assessments mentioned in the orders of August 22 and November 5 be made by a jury of twelve men, to be empaneled and selected according to law. Thereafter, on November 14, a venire was issued, without notice to any of the land owners of the district, commanding the sheriff to summon twelve persons from the body of the county to appear before the court on November 17 to serve as jurors in drainage assessment. At the time specified in the venire for the appearance of the jurors, the court, without notice to and in the absence of plaintiffs in error, empaneled the jury, which proceeded to spread the assessments under the orders of August 22 and November 5 and returned an assessment roll into court on November 27, 1908. Notice was then given to the land owners that the jury would attend before the county court on December 28 for the correction of their assessment roll. Plaintiffs in error appeared at the time stated in the notice and interposed objections, one of which was that the jury had not been empaneled according to law, and the action of the court in overruling this objection is one of the grounds relied upon for a reversal of the judgment of confirmation.

The only provision of the Levee act, as amended in 1907, relating to the assessment of benefits by a jury was that contained in section 37, *supra*. No procedure was prescribed by the act for selecting or empaneling the jury, and it necessarily follows that the procedure prescribed by law for the organization of a common law jury in this State should have been followed. An indispensable requirement of that procedure is that the parties to the proceedings in which the jury is to be empaneled be given an opportunity to be present when the jurors are selected, and to interpose any legal objection to the empaneling of any person as a juror that would disqualify such person from sitting as a

juror in the cause. (*Wabash Railroad Co.* v. *Drainage District,* 194 Ill. 310.) This requirement was not observed in the case at bar. The jury empaneled by the court was therefore not such a jury as was authorized by the statute to make the assessments. Plaintiffs in error did not waive their right to be present and to participate in the selection of the jury but interposed their objection at the earliest opportunity, and the objection should have been sustained. The judgment must, on account of this error, be reversed and the cause remanded to the county court, where the assessments may be made against the lands of plaintiffs in error in accordance with the provisions of the Levee act as amended May 29, 1909, which is now in force.

Other questions are presented which may again arise upon further proceedings in this cause in the county court and which it is proper should be settled upon this writ of error for the guidance of that court.

It is contended that the county court erred in refusing to transfer the cause to the circuit court, and section 69 of the Administration act is relied upon in support of this contention. That section applies only to the settlement of estates, and does not authorize the transfer of drainage matters to the circuit court on account of the interest of the county judge. By the action of the county judge of Fayette county in calling in the county judge of another county who had no interest in the proceedings, plaintiffs in error obtained all the relief in this regard to which they were entitled. *Chicago and Alton Railroad Co.* v. *Harrington,* 192 Ill. 9.

The same jury spread the second assessment, under the amended petition, against the lands of Moses Hutchins, Sarah J. Hutchins, Flora Dawdy and Eva Webb that spread the third assessment and the annual assessment for repairs against all the lands in the district. This was error. The proceedings under the amended petition for a second assessment and the proceedings under the petition for a third

assessment and for an annual assessment for repairs are separate and distinct proceedings and must be prosecuted as such. The fact that an additional assessment is ordered before a prior assessment has been spread and that the costs will be reduced by combining them as one proceeding is no justification for the procedure. The statute, and not expediency, must govern. Neither did section 18 of the Levee act confer any authority upon the jury to make the second assessment against the lands of the four plaintiffs in error last mentioned when they were spreading the third assessment and the annual assessment for repairs. That section only authorized prior assessments to be included with subsequent assessments when such prior assessments were void and unpaid on account of some irregularity in the proceedings in which they were attempted to be levied not affecting the merits of such assessments. The second assessment against these lands was unpaid because it was in part levied for a purpose not authorized by law and was spread by interested persons. These were not mere irregularities in the proceedings but affected the merits of the second assessment, and the only method by which the second assessment can be made against the lands of the four plaintiffs in error last named is by further proceedings under the petition for the second assessment in accordance with the mandate of this court in *Vandalia Drainage District* v. *Hutchins, supra.* The first assessment against the lands of Moses Hutchins is in the same condition. It is not unpaid because of a mere irregularity in the proceedings, but because the amount assessed against those lands included an assessment of benefits against about fourteen acres of land which the district has taken for right of way purposes. What portion of the first assessment was for benefits to the land taken for right of way and what portion was for benefits to the balance of the land cannot be determined. The only method by which the lands of Moses Hutchins can be assessed for their just proportion of the first assessment is by proceeding under

the mandate of this court in *Hutchins* v. *Vandalia Drainage District, supra.*

The town of Sefton contends that the Levee act, in so far as it authorizes an assessment against a town on account of benefits to the township roads, contravenes sections 9 and 10 of article 9 of the constitution of this State, and relies upon *Morgan* v. *Schusselle,* 228 Ill. 106, and the authorities there cited, which hold that the legislature is by those sections of the constitution prohibited from delegating the right of corporate or local taxation to any other than the corporate or local authorities of the district to be taxed, and from creating a debt against a municipal corporation for merely local purposes and subjecting property in such municipality to a tax for its payment without the consent of the tax-payers to be affected. The question here presented was not before the court for consideration in *Morgan* v. *Schusselle, supra.* Section 31 of article 4 of the constitution, which was adopted as an amendment to the constitution in 1878, expressly provides that the legislature may vest the corporate authorities of drainage districts with power to construct and maintain levees, drains and ditches by special assessment upon the property benefited thereby. The only limitation upon the property that may be assessed is that it must be property benefited by the improvement. If the highways of a town are benefited by the improvement they fall within the class of property that may be assessed therefor, such assessments, however, being enforceable against the town and not against the specific property benefited. *Commissioners of Highways* v. *Drainage Comrs.* 127 Ill. 581.

After the original assessment of benefits had been made the commissioners of the drainage district entered into contracts with plaintiff in error railroad companies, whereby, in consideration of the payment of certain sums of money paid by the railroad companies to the drainage district and the release by the Vandalia Railroad Company of a right

of way over its lands for levee purposes, the commissioners agreed to release the railroad companies from any further liability to pay to the district any further sums of money or other thing of value on account of any benefits which might accrue to the railroad companies by reason of the construction and completion of the improvements then in process of construction by the district, or on account of any litigation to which the district might be a party, or on account of any compensation for lands taken or damages to lands not taken in the construction of the improvements. A similar contract was made between the commissioners and the town of Sefton. The railroad companies and the town of Sefton contend that these contracts constitute a bar to any further assessments against their property, including annual assessments for repairs. This contention is without merit. Section 55 of the Levee act, upon which said plaintiffs in error rely, only confers authority upon the commissioners of drainage districts to contract with the corporate authorities of a town, or with a railroad company, with reference to the proportion of an assessment about to be made that shall be assessed against such town or railroad company. The commissioners have no more power to relieve railroad companies and towns from future assessments than they have to relieve other land owners from such assessments. The contracts under consideration can therefore be given no other effect than to fix the amount of the first assessment against the plaintiff in error railroad companies and the town of Sefton, and are no bar to an additional assessment or to an annual assessment for repairs against them.

The judgment of the county court will be reversed and the cause remanded to that court for further proceedings in conformity with the views expressed in this opinion.

*Reversed and remanded.*