THE MORGAN CREEK DRAINAGE DISTRICT, Defendant in Error, *vs.* FRANK O. HAWLEY *et al.* Plaintiffs in Error.

*Opinion filed June 21, 1912.*

1. DRAINAGE—*rule where confirmation judgment is reversed and cause is remanded generally.* Where a judgment confirming a drainage assessment is reversed and the cause is remanded by a general order, without any directions, the county court is bound to proceed in accordance with the statute and the law as declared in the opinion filed in the cause.

2. SAME—*reversal does not affect the property of land owners who do not appeal.* A judgment confirming a drainage assessment is a judgment *in rem* against the tracts of land severally, and an appeal or writ of error brings up nothing except the judgment against the lands of the persons appealing or suing out the writ.

3. SAME—*the lands of persons not appealing are not to be re-assessed on remandment.* Where a judgment confirming a drainage assessment is reversed as to the lands of an objector and the cause is remanded, the only right or interest which he has when his lands are re-assessed under the statute is that the assessment shall not exceed the benefit to the land nor their proportionate share of the estimated cost of the work, and he cannot insist that the lands of other persons who did not appeal from the judgment shall be re-assessed.

4. SAME—*what errors will be considered on second writ of error.* Upon a second writ of error to review a judgment confirming a drainage assessment only alleged errors which are claimed to have arisen since the first writ of error will be considered, as a party cannot, on second writ or error, take advantage of any error which existed and might have been assigned on the former record.

5. SAME—*effect of release of right of way in accordance with maps and plans.* A release by a land owner of the right of way over his land for the ditches of a drainage district in accordance with the maps, plans and profiles of the district has the same effect as though the maps, plans and profiles which were on file and had been approved by the court had been copied into the release.

6. SAME—*when land cannot be re-assessed merely by filing petition.* Where, pending a writ of error by a land owner who has released a right of way for the ditches of the district, the ditches are constructed partly within and partly outside of the right of way released, the lands of such owner cannot be re-assessed, upon remandment of the cause, until the district has acquired the land occupied by the ditches outside of the right of way released and

determined the question of compensation and damages. (*Vandalia Drainage District* v. *Railroad Co.* 247 Ill. 114, and *Vandalia Drainage District* v. *Hutchins*, 252 id. 259, distinguished.)

7. SAME—*right to compensation for land taken accrues at the time ditches are dug.* The right to compensation for land taken for the ditches of a drainage district accrues at the time the ditches were dug and in favor of the person owning the land at that time.

WRIT OF ERROR to the Circuit Court of Kendall county; the Hon. MAZZINI SLUSSER, Judge, presiding.

A. H. SWITZER, for plaintiffs in error.

JOHN K. NEWHALL, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Kendall county confirmed an assessment against a large body of land owned by Frank O. Hawley, one of the plaintiffs in error, levied by the Morgan Creek Drainage District, the defendant in error, and the record was brought to this court for review pursuant to a writ of error sued out by him. The judgment of confirmation was reversed for three reasons: (1) The oath taken by the commissioners was not sufficient in law; (2) the assessment was levied on lands taken for the use of the district and included benefits to such lands; (3) the assessment was for a greater sum than the estimated cost of the work, which was the limit of any assessment that could be legally levied. The cause was remanded to the county court by a general order without any directions, and under that order the county court was bound to proceed in accordance with the statute and the law as declared in the opinion filed in the cause. (*Morgan Creek Drainage District* v. *Hawley*, 240 Ill. 123.) After the original assessment was confirmed Frank O. Hawley conveyed the lands, in separate tracts, to the other plaintiffs in error, C. W.

Rolfe, William E. Coplin and Samuel Herron, and the ditches of the district were also constructed across the lands after such confirmation. The remanding order was filed in the county court on November 10, 1909, and notice was served on the attorney for Hawley that on November 29, 1909, a motion would be made to re-docket and re-instate in the county court the cause and leave would be asked to file a petition for a re-assessment. Pursuant to the notice the cause was re-instated in the county court, and by leave of court a petition was filed which recited the original assessment, the conveyance of a portion of the land to C. W. Rolfe and the reversal of the judgment and remandment of the cause, and praying for an order directing the commissioners to re-assess the property. An assessment roll was made by the commissioners, and the county judge being a property owner in the district, a change of venue was taken, by consent, to the circuit court. Objections to confirmation were filed, and after the court had discharged two commissioners and appointed others in their places and one of the new commissioners had resigned and another had been appointed in his place, a final assessment roll was filed, upon which a hearing was had. The objections of plaintiffs in error were overruled, a judgment of confirmation was entered, and a writ of error was sued out to review the judgment.

The plaintiffs in error urge a reversal of the judgment of confirmation for alleged errors concerning matters contained in the record at the time it was reviewed on the former writ of error. That writ of error brought the case, as to Hawley, to this court in its entirety, and it was the duty of the plaintiff in error to present all the existing grounds for the reversal of the judgment. A party cannot on a second writ of error take advantage of any error which existed and might have been assigned on the former record. (*Dilworth* v. *Curts*, 139 Ill. 508.) No alleged er-

rors will be considered except those claimed to have arisen since the judgment was reversed and the cause remanded.

It is also contended by the plaintiffs in error that by the former judgment of this court the judgment of confirmation as to every tract of land in the district was reversed and that their lands could not be re-assessed without re-assessing all other lands. The judgment of confirmation was a judgment *in rem* against the tracts of land severally, and the writ of error brought up nothing except the judgment against the lands of Frank O. Hawley. If there were errors which other owners might have taken advantage of but they were satisfied with the assessment, it was not the privilege of Hawley to raise objections for them. It did not injure him if other owners saw fit to pay more than could have been legally charged against their lands, and both by the law and a special provision of the Drainage act the judgment of this court did not affect the assessment against the lands of anyone but Hawley. (*Vandalia Drainage District* v. *Hutchins,* 252 Ill. 259.) On the re-assessment the rules of law were to be observed that the assessment should not exceed the benefits to the lands nor their proportionate share of the estimated cost of the work, including the expenses of the proceeding, but that was the only right or interest of the plaintiffs in error.

Before the original assessment Frank O. Hawley, one of the plaintiffs in error, who then owned the land, released to the district the right of way over the same for the ditches in accordance with the maps, plans and profiles of the district, and additional lands upon which to deposit the earth excavated, far enough from the channel to leave a six-foot berme on each side. The release had the same effect as though the plans, maps and profiles which were on file and had been approved by the court had been copied in it. They called for a right of way for the main ditch of seventy feet in width and a right of way fifty feet in width for each of two branches. The ditches were constructed

during the summer of 1908, and the plaintiffs in error introduced evidence that the ditches were only in part within the right of way released; that the center line of the main ditch at the north end was fourteen feet west of the center line as shown by the maps and plans, and in its southerly course gradually diverged until at the south end the center line was two hundred and twelve feet east of the center line as shown by the maps and plans; that in the north branch the center line of the ditch throughout its entire length was twenty-five feet east of the center line shown by the maps and plans; that the right of way of the main ditch, including spoil banks, was one hundred and twenty feet wide, on the south branch from ninety to one hundred and ten feet wide and on the north branch from ninety to one hundred feet wide, and that the dirt piled on the land was from four to six feet high, so as to prevent cultivation unless leveled. Those portions of the lands not embraced within the maps, plans and profiles on file and approved by the court, and which were not included in the release of Hawley, had never been acquired by the district. No compensation had been agreed upon, assessed or paid for land so taken and the question of damages that might result to the remainder of the lands had not been determined. If the ditches had been constructed upon the right of way released by Hawley a re-assessment could have been made without any further proceeding to obtain right of way, but if other land was taken for ditches the district could not levy an assessment on the lands through which the ditches ran until the question of compensation and damages had been determined. (*City of Chicago* v. *Mecartney,* 216 Ill. 377; *City of Joliet* v. *Spring Creek Drainage District,* 222 id. 441.) It is manifest that this could not be done, because if damages are allowed to a tract of land the judgment is conclusive against a subsequent proceeding to assess the same land for benefits. If there are benefits and damages the benefits are necessarily taken into account in

determining whether there is a balance of damages to be paid, and a judgment for damages is conclusive that they exceed all benefits to the land. The re-assessment excepted on the face of the roll the right of way for the ditches, but that did not obviate the objection just stated.

It seems that rows of stakes were driven on the land in different lines from the maps and plans presented to and approved by the court and referred to in the release, but the fact that Hawley and his grantees could see the stakes raised no estoppel against him or them to claim that the right of way on the line of the stakes had not been obtained. If they could not object to the location of the ditches as actually constructed because they saw the work done, they would not thereby forfeit the right to compensation.

The defendant in error contends that the proceeding was free from error because it was required that the re-assessment should be under the remanding order. It is true that it was necessary to re-instate the cause in the county court and obey the remanding order, but that order gave no direction as to what should be done and the statute controlled the further proceeding. The ditches were constructed after the original judgment of confirmation, and necessarily the fact that they were constructed, in part, on land not acquired by the district was not and could not have been considered.

Counsel for defendant in error regards the decisions in *Vandalia Drainage District* v. *Vandalia Railroad Co.* 247 Ill. 114, and *Vandalia Drainage District* v. *Hutchins,* 252 id. 259, as holding that all that was necessary was to file the petition for re-assessment. In the first of those cases there had been an assessment and the judgment was reversed by this court on October 24, 1905, because the assessment of benefits included lands taken by the district for its levee. (*Hutchins* v. *Vandalia Drainage District,* 217 Ill. 561.)

No remanding order was ever filed in the county court, and the cause not having been re-instated therein no further action was taken under that order. Three years afterward, although the county court had not regained jurisdiction of the cause, that court added the assessment which had been set aside to an additional assessment, which also had been set aside in *Vandalia Drainage District* v. *Hutchins,* 234 Ill. 31, and a third assessment for benefits, and confirmed the whole. It was held that the court erred in combining the assessments; that the proceedings were separate and distinct and must be prosecuted as such; that section 18 of the Drainage act only authorized prior assessments to be included with subsequent ones when such prior assessments were void and unpaid on account of some irregularity in the proceedings not affecting the merits; that the first assessment was not unpaid because of a mere irregularity in the proceedings but because the amount assessed included an assessment of benefits against about fourteen acres of land which the district had taken for a right of way, and that the only method by which the lands could be assessed for their just proportion of the first assessment was by proceeding under the mandate of this court. The assessments being separate and distinct, it is perfectly clear that no further proceeding could be had on the first assessment except by filing the remanding order, having the cause re-instated in the county court and proceeding under that order. The decision had no relation to the question of the form or method of procedure upon the re-instatement of the case in the county court. A judgment confirming one of those three assessments was reviewed in the second case relied upon by counsel, and the objection that the assessment was spread by a jury in accordance with the statute as amended in 1909 was overruled and the judgment affirmed. It was held in that case that it was the duty of the county court to follow the opinion of this court and the statute in force at the time. Neither case sustains the claim of counsel.

Sections 60 and 61 of the Drainage act provide for a re-assessment where an assessment is invalid as to one or more tracts of land and where defects or omissions may be cured. They point out the method to be pursued in this case after the district shall have acquired any right of way not released by Hawley and had the compensation and the damages, if any, for such lands determined in favor of those who owned the land at the time they were taken by the district. It was authorized to take private property for public use for its ditches, and as the improvement was permanent, the right to compensation and damages accrued to the owners at the time the ditches were dug. It does not appear from the record when the conveyances were made by Hawley with reference to the time when the land was actually taken and the ditches dug, but so far as the right of way was released by him no compensation could be allowed to any of the plaintiffs in error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*