THE CACHE RIVER DRAINAGE DISTRICT, Appellee, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY, Appellant.

*Opinion filed June 16, 1914.*

1. DRAINAGE—*when property owner may file cross-petition for damages.*  If the petition to confirm a levee drainage assessment does not fully set out the property to be taken for which no compensation has been made and the property which, though not taken, is damaged, the owner of such property has a right to file a cross-petition for damages and to have the question of damages considered by the jury empaneled to consider the question of benefits.

2. SAME—*the question of damage to property taken by improvement may be raised by objections.*  If property of an owner in a levee district is to be actually taken by the proposed drainage improvement but no compensation has been made, and the facts do not appear in the petition to confirm the assessment, the owner may raise the question by objections in such proceeding.

3. SAME—*what amounts to a taking of property.*  If the proposed change by a levee drainage district in the channel of a creek under a railroad bridge will add burdens which are not imposed by law upon the railroad company with respect to keeping the channel open and unobstructed, then there is a taking or damaging of the company's property for public use for which compensation must be made.  (*People* v. *Chicago and Eastern Illinois Railroad Co.* 262 Ill. 492, followed.)

4. SAME—*when a railroad company is not required to enlarge channel without compensation.*  A railroad company is bound to keep the channel of a natural water-course of such size as to afford a passage for all waters which naturally flow through such channel, even though such flow is increased by the construction of drainage ditches; but this does not mean that the channel must be enlarged without compensation to the company for property taken or damaged if the natural course of the stream is reversed by artificial means.

APPEAL from the County Court of Massac county; the Hon. W. F. ELLIS, Judge, presiding.

HOMER T. DICK, and C. L. V. MULKEY, (E. H. SENEFF, of counsel,) for appellant.

COURTNEY, HELM & HELM, for appellee.

264 — 7

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Massac county confirming the verdict of a jury assessing benefits on the right of way of the Chicago and Eastern Illinois Railroad Company for improvements in the Cache River Drainage District.

This cause has heretofore been before this court, (255 Ill. 398,) and the judgment was reversed and the cause remanded in October, 1912, for a new trial. The material facts as to this improvement were set forth in the opinion in that case and need not be re-stated. The case was re-docketed in the county court March 25, 1913, and set for hearing May 26 of the same year. On March 13, 1913, the commissioners of the Cache River Drainage District notified the appellant that in the construction of what was known as the Post creek cut-off they found it necessary to remove appellant's trestle bridge across said creek; that the ditch at that point would be forty feet wide at the bottom and ninety-eight feet wide at the grade line of appellant's right of way. The notice requested that appellant remove said trestle bridge by a specified date and reconstruct and enlarge it so as to make a clear span of ninety-eight feet, "without any piles, posts, pillars, abutments or other obstructions to the flow of water therein." Appellee filed a petition for *mandamus* in the circuit court of Massac county April 18, 1913, praying that said railroad company be commanded by said writ to remove its said trestle railroad bridge across said Post creek, as it was an obstruction to the natural water-course. To this petition a demurrer was filed and after hearing sustained by the trial court. On appeal to this court the judgment of the trial court was sustained. (*People v. Chicago and Eastern Illinois Railroad Co.* 262 Ill. 492.) After the judgment of the circuit court was entered sustaining the demurrer to the petition for *mandamus,* appellant, on leave obtained,

filed on May 26, 1913, six additional objections in this cause, setting up, among other things, that the drainage district had not settled all damages for its right of way with the owners of land affected by the proposed improvement; that said railroad company was the owner in fee simple of its right of way where it crossed Post creek; that said drainage district had filed a petition for *mandamus,* as stated above, and that the circuit court had held, in sustaining the demurrer to said petition, that the railroad company was under no legal obligation to remove its railroad from across said Post creek until it had been paid just compensation, as required by law, for its property taken and damaged. On motion of appellee these objections were stricken from the files. Thereafter, on May 27, 1913, appellant filed a cross-petition setting out the notice of March 13, 1913, received from the commissioners of the drainage district, further giving the history of the *mandamus* proceedings in the trial court, and stating that a compliance by appellant with said notice would necessitate the tearing out of said trestle bridge over Post creek and the putting in of a new girder bridge at an expense of $30,000; that in addition to the property of appellant which the commissioners proposed to take in accordance with their then plans for the construction of said ditch in Post creek, other property of appellant would be damaged by the construction of said ditch, and that no steps had been taken by the commissioners to secure said right of way or to ascertain said damages, and appellant prayed that just compensation should be ascertained and awarded to it, as required by law, before its property was allowed to be taken and damaged. On motion of appellee this cross-petition was stricken from the files. Thereafter a jury was empaneled and this cause heard on the question of benefits to appellant's right of way by reason of the proposed improvement. Appellant objected to the introduction of the assessment roll in evidence because it recited that the drain-

age commissioners had settled all questions of damages. This objection was overruled and exception taken. No evidence was admitted by the trial court on the question of damages. The only question submitted to the jury under the rulings of the court was that of benefits to the property of appellant. Whether the question of damages to appellant's right of way by the proposed enlargement of Post creek should have been submitted to the jury is the principal question argued in the briefs.

Counsel for appellant contend that the building of the ditch or cut-off in Post creek, as required by the plans of the drainage district, would cause the natural flow of Post creek to be reversed, so that it would become an outlet of Cache river instead of being a tributary, as it was naturally, and thus compel the appellant railroad company to enlarge its opening under its bridge over said Post creek. If the appellant is right in this contention, under the holding of this court in the *mandamus* case (*People* v. *Chicago and Eastern Illinois Railroad Co. supra,*) the railroad company was entitled to have the question of damages to its property submitted to the jury in this proceeding. (*Morgan Creek Drainage District* v. *Hawley,* 255 Ill. 34.) If appellee has not acquired the necessary right of way across appellant's land it can be procured in this proceeding under the provisions of the Levee act, especially sections 17, 17*a* and 17*b*. The damages, if any, to appellant should necessarily be taken into account by the jury in assessing the question of benefits, in determining whether the damages exceeded all the benefits to the property. Counsel for appellee contend that the railroad company waived its right to have this question heard, because it did not raise it on the former hearing. Obviously, from what has already been stated, neither party to this proceeding understood, on the first hearing in the county court, that the plans of the drainage district would·require this change in appellant's bridge over Post creek. Appellant's claim that its first knowledge

of such requirement was said notice received March 13 seems to be borne out by the record. While a party cannot take advantage of an error on the former record, (*Morgan Creek Drainage District* v. *Hawley, supra,*) yet as this question has arisen since the former trial the court should have permitted this question of damages to be submitted to the jury.

The question of damages for property actually taken for the proposed improvement could be properly raised in a proceeding of this kind by written or printed objections in the court. While the Levee act itself does not specifically state that written or printed objections may be filed, it does state that objections shall be heard. So far as we are advised, it has always been the practice to file objections in this class of cases. (*Iroquois Drainage District* v. *Harroun,* 222 Ill. 489; *Vandalia Drainage District* v. *Hutchins,* 252 id. 259.) This is the proper practice as to objections to the assessment for benefits, and we see no reason why, when property is taken for an improvement, the question of damages as to property not taken cannot be raised by objections filed. Section 17*a* of the Levee act provides that the jury to hear the question of damages and benefits shall be selected under the provisions of the Eminent Domain act. This court has held that no answer or bill is necessary where the petition in a condemnation under said Eminent Domain act properly sets out the land to be taken. Where the land owner's interests are not accurately or fully stated in the petition he is under said act entitled to file a crosspetition. (*Johnson* v. *Freeport and Mississippi River Railway Co.* 111 Ill. 413.) So in this proceeding, if the petition does not fully set out the property to be taken for which there has been no settlement, or property is damaged which is not taken, such questions may be raised by a crosspetition or objections. (*Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Polecat Drainage Dist.* 213 Ill. 83.)

The trial court erred in striking the additional objections and the cross-petition from the files.

The important question here on this hearing, however, is not one of pleading but as to the right of appellant to be heard before the jury on the question of damages for land taken or to property not taken, by reason of the increased flow of water, if any, under its right of way on account of the proposed improvement. The public have an easement in the channel of Post creek, and appellant must keep the channel under said bridge of such size as to offer a passage for all waters that naturally flow, or have a tendency to flow, in and along such water-course. This is a continuing and expanding obligation. This channel must be kept unobstructed, so as to serve as an outlet for all waters that naturally flow through said channel, even if such flow is accelerated by artificial means, in order to meet the reasonable requirements of property owners and the public as changed conditions and increased use may demand. (*Chicago, Burlington and Quincy Railway Co.* v. *People,* 212 Ill. 103; Gould on Waters,—3d ed.—sec. 274; *Strange* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 245 Ill. 246; *Ramey* v. *Baltimore and Ohio Southwestern Railroad Co.* 235 id. 502.) But this does not mean if the current of the stream is artificially reversed and the flow thus increased or accelerated that the channel must be correspondingly enlarged by appellant without compensation for land taken or damaged. If the proposed change in the channel under this bridge will increase the burdens imposed by law upon the appellant railroad, then that will be the taking or damaging of its property for public use, and compensation must be made therefor. *Bradbury* v. *Vandalia Drainage District,* 236 Ill. 36; *People* v. *Chicago and Eastern Illinois Railroad Co. supra.*

As this cause must be reversed for the reasons already stated, we need not discuss the questions argued in the

briefs as to whether the evidence sustained the verdict on the question of benefits.

The judgment of the county court will be reversed and the cause remanded.    *Reversed and remanded.*