DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1922.

---

## Walter George, Defendant in Error, v. Thurston E. Walters, Plaintiff in Error.

### Gen. No. 6,841.

1. APPEAL AND ERROR—*waiver of questions not raised on first appeal.* A case cannot be taken to a court of review by piecemeal but all questions presented by the record must be raised upon the first appeal by a proper assignment of error or such questions will be deemed to have been waived and cannot be raised upon a subsequent appeal.

2. EVIDENCE—*judicial notice by Appellate Court of own records.* In determining what was before it upon a former review, the Appellate Court will take notice of its own records.

3. APPEAL AND ERROR—*necessity of formal plea to present question of adjudication on former review.* No formal plea of *res judicata* is required to present to the Appellate Court the question of adjudication on a former review.

4. APPEAL AND ERROR—*right to be heard on writ of error subsequent to appeal.* Where a defendant in a foreclosure proceeding appealed from a final deficiency decree against him, which decree was affirmed, and he could, at the time of such appeal, have sued out a writ of error which would have searched the whole record and have brought before the court for review alleged errors in a prior interlocutory decree, he ought not to be heard upon a writ of error as to such decree.

(1)

5. APPEAL AND ERROR—*when appeal bars subsequent review.* Where on a former appeal in a foreclosure suit from a final decree finding appellant liable for a deficiency the evidence heard at a prior term, upon which an interlocutory decree was rendered, was a matter of record and was treated as heard at the later term, at least so far as either party desired to have it considered, and was reviewed, such fact will bar another review of the proceedings at such prior term.

6. APPEAL AND ERROR—*question not before court on writ of error subsequent to appeal.* The defense that a deed in which appellant assumed the payment of mortgages was executed to correct the description in a former deed and was made and recorded without appellant's knowledge and was without consideration, *held* available in a suit from which a former appeal was taken and therefore not before the court upon writ of error from a prior interlocutory decree.

Error to the Circuit Court of Kankakee county; the Hon. ARTHUR W. DeSELM, Judge, presiding. Heard in this court at the April term, 1921. Affirmed. Opinion filed February 23, 1922.

CHARLES H. DARLING and JOHN A. MAYHEW, for plaintiff in error.

HENRY F. RUEL and JOHN H. BECKERS, for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

John L. Foran filed a bill in equity in the circuit court of Kankakee county against Henry K. Shank and others to foreclose a mortgage upon certain real estate in Kankakee county. Walter George, a defendant therein, answered and filed a cross-bill to foreclose a second mortgage which he held against the same premises. He made Thurston E. Walters a defendant thereto and alleged that the latter was personally liable to pay his mortgage indebtedness, and stated the grounds of that liability. Walters answered, denying liability. The cause was heard in March, 1919, at the January term, and there was a

decree for foreclosure of both mortgages and which found that if the proceeds of the sale of the premises should be insufficient to pay the second mortgage debt, Walters was personally liable for any deficiency. A certificate of the evidence at that hearing was filed in that cause on April 19, 1919. At the May term, 1919, of said court, the master reported a sale of the premises and that there was a deficiency to pay the second mortgage and the amount of the deficiency. Thereafter, on July 3, 1919, at said May term, George made application for a deficiency decree against Walters and that application was heard and there was a decree that Walters pay George $636.96 and that George have execution therefor. Walters prayed and perfected an appeal from that final decree to this court, and on July 12, 1919, filed in said cause a certificate of evidence. This court on said appeal affirmed said deficiency decree against said Walters on March 9, 1920, and denied Walters a rehearing on April 7, 1920, and said cause is reported as *Foran v. Shank,* 217 Ill. App. 203. Thereafter, on June 18, 1920, said Walters prosecuted this writ of error from this court in the same cause. George urges that our former decision is a bar to this writ of error.

A case cannot be taken to a court of review by piecemeal. *Ogden v. Larrabee,* 70 Ill. 510; *Muren Coal & Ice Co. v. Howell,* 217 Ill. 190; *Jackson v. Glos,* 249 Ill. 388; *Morgan Creek Drain. Dist. v. Hawley,* 255 Ill. 34; *Spitzer v. Schlatt,* 249 Ill. 416. In *Muren Coal & Ice Co. v. Howell, supra,* the court said:

"Parties cannot bring their cases to this court in piecemeal, but must raise all questions presented by the record upon the first appeal by a proper assignment of error, which they desire the court to pass upon, or they will be deemed to have waived such questions and cannot be permitted to raise them upon a subsequent appeal. (*Ogden v. Larrabee,* 70 Ill. 510; *Lusk v. City of Chicago,* 211 Ill. 183.) In the *Ogden* case it was said (p. 512): 'It is insisted the alleged

error may be considered, for the reason it was not assigned for error on the former hearing. * * * If the doctrine insisted upon should be adopted and the parties permitted to assign successive errors on the same record, in complicated litigation like this no conclusive decision could be rendered in the lifetime of the parties interested. * * * The error complained of existed in the former record. The party had an opportunity then to assign it and direct the attention of the court to it, but having failed to do so he ought to be estopped, upon every principle of justice, from alleging, at any future period, error in the same record. Had error intervened prior to the former adjudication, it was his duty to assign it, otherwise he will be deemed to have waived it forever. He will not be permitted to have his cause heard partly at one time and the residue at another.' In the *Lusk* case it was said (p. 188): 'It is a well-settled rule that when a cause is litigated and that litigation prosecuted to a court of appeals and passed upon, all questions that were open to consideration and could have been presented, relating to the same subject-matter, are *res judicata,* whether they were presented or not.' "

Walters claims that the foregoing rules are not applicable here because his appeal was only from the final deficiency decree, and that the decree of the previous term was not final, and no appeal would lie from it. It is held that such a decree is not final in *Eggleston v. Morrison,* 185 Ill. 577, and *Hartman v. Pistorius,* 248 Ill. 568. In determining what was before this court on a former review it is held in *Jackson v. Glos, supra,* that the court of review will take notice of its own records. The same is held in *Newberry v. Blatchford,* 106 Ill. 584, and it is also there held that no formal plea of *res judicata* is required to present the question. In *Jackson v. Glos, supra,* it is said: "A second appeal brings up nothing except proceedings subsequent to the remandment, for the reason that a party will not be permitted to have his

case heard part at one time and the residue at another.'' In *Morgan Creek Drain. Dist. v. Hawley, supra,* the court said: ''A party cannot on a second writ of error take advantage of any error which existed and might have been assigned on the former record. (*Dilworth v. Curts,* 139 Ill. 508.) No alleged errors will be considered except those claimed to have arisen since the judgment was reversed and the cause remanded.'' When the former appeal was taken, Walters knew of the supposed errors in the decree at the January term, 1919, on March 22, 1919. At the time he took the former appeal he could have sued out a writ of error which would have searched the whole record and would have brought before us for review the supposed errors now alleged to have been committed at said January term. He chose not to do that, but removed only the final judgment against him at the May term, 1919, and if he is right in his contention that he may now by this writ of error review the decree of the January term, 1919, then when he took the former appeal he reserved the right to sue out afterwards a writ of error to review an earlier part of the record, and thus he reserved to himself two chances to win; or in other words, he took a course, after the litigation was ended in the court below, which would permit him to have the case reviewed by piecemeal, contrary to the spirit at least of the foregoing authorities. What beneficial results can he now obtain if he now reverses the interlocutory decree of the January term, 1919? The only thing in the record which harms him is the final judgment at the May term, 1919. That has been affirmed on his appeal, and cannot now be disturbed. We are of opinion that he ought not now to be heard upon this writ of error.

The record before us on the former appeal contains a certificate of evidence taken at the May term, 1919, and setting out the proceedings when the final

judgment against Walters was rendered. Our records in that case show that George, the appellee here, filed an additional record and an additional abstract. That additional record has been mislaid in the files of this court, and cannot be found at the writing of this opinion. But the additional abstract is on file and is not an abstract of anything contained in the certificate of evidence taken at the May term, 1919, but is an abstract of portions of the certificate of evidence taken at the January term, 1919, and filed in April, 1919, before the hearing at the May term. It is therefore evident that the certificate of evidence containing the proceedings of the January term at which the interlocutory decree against Walters was entered was before the court in the hearing at the May term. The former certificate is frequently referred to in the certificate of evidence of the May term, 1919. That reference was begun by the solicitor for Walters. In one of his objections to the entry of a deficiency decree he called attention to the note secured by the second mortgage, saying: "This note is in evidence." He stated to the court that the record showed this on its face. Later he referred to "the record of the deed offered in evidence." He stated that the record of the deed and the evidence that goes with it shows conclusively certain things. The solicitor for George stated that the original note shows the indorsement and then supported that by "the evidence here on pages 24 and 25." He proceeded to call attention to the documentary and oral evidence and especially to the evidence of N. M. Fidler concerning the instrument which contained the assumption of the second mortgage debt. The certificate of evidence taken at the January term, 1919, was on file and a part of the record when this hearing was had at the May term, 1919, and it is obvious from the certificate of evidence taken at the May term that that certificate of evidence was used by both parties, beginning with the solicitor for

Walters, in discussing the question whether George
was entitled to a decree against Walters for the de-
ficiency.   That former certificate of evidence was a
part of the record, and no reason is perceived by us
why it could not be used at the May term, 1919, in
determining whether Walters was liable to a deficiency
decree for the amount named, and it evidently was so
used by both parties.   That it was so used is evident
from our former opinion, above referred to, for there
we considered the evidence and held that the proof
was practically conclusive against Walters upon all
the issues raised by his answer, and we held that all
the facts necessary to demonstrate his personal lia-
bility were established.   Therefore, on the former ap-
peal the evidence heard at the January term, 1919,
was a matter of record and was treated as heard at
the May term, at least so far as either party desired
to have it considered, and it was reviewed by this
court.   It would seem that this ought to bar another
review of the proceedings at the January term, 1919.

We will, however, consider further the proceedings
at the January term.   Under date of August 15, 1910,
N. M. Fidler and wife undertook to convey these
premises to Thurston E. Walters by warranty deed
which was duly recorded, but because of errors in the
deed it did not convey these premises, but conveyed
lands 30 miles west which Fidler never owned, and
also placed the lands in the wrong quarter section.
Under date of August 24, 1910, Fidler and wife exe-
cuted another warranty deed to Walters, correctly
describing the premises, and in said last-mentioned
deed Walters assumed and agreed to pay each of
these mortgages.   That deed was recorded and it was
that assumption clause of which George, the holder of
the second mortgage debt, availed in obtaining this
deficiency decree.   In his cross-bill George set up the
second mortgage and his acquirement of the debt evi-
denced thereby and that the debt was not paid and

that Fidler acquired the title to the property by a deed in which he assumed and agreed to pay said second mortgage debt and set up the conveyance from Fidler to Walters by the deed of August 24, 1910, and that it was recorded on August 27, 1910, in a certain book and page in the recorder's office of Kankakee county, and that Walters thereby assumed and agreed to pay the indebtedness secured by said mortgage and became personally liable for the payment thereof, and the cross-bill sought a foreclosure for its payment. Walters, answering, admitted that Fidler and wife made, executed and acknowledged the deed of August 24 and alleged that its only object was to correct an error in the description of the real estate in the deed of August 15, 1910. He elsewhere in the answer admitted the existence of said deed of August 24, but claimed that he never received it or consented to its execution or authorized any one else to do so, and that it was without consideration. Under the various admissions of said answer concerning said deed and its contents, it was not necessary that George should either introduce the original deed or account for it and introduce a record. Its existence and execution and terms were in effect admitted in the answer. Hence, if the court at the January term, after the deed had been demanded by cross complainant of the cross defendant and not produced, should not have admitted the record, no error was committed against Walters. The defenses interposed by the answer were that the deed was not executed at his request or with his knowledge; that he never knew of it until after this suit was begun; and that there was no consideration for its execution. Fidler was a witness at the trial at the January term, 1919. He testified that he gave the deed of August 15, 1910, and that shortly afterwards Walters came to him and told him there was something wrong with the description, and he gave Walters another deed, and that Walters brought

the deed, dated August 24, 1910, to him; that the second deed was already filled out when it was presented to him for his signature; that it was not prepared by his attorney or at his suggestion, but they had it ready for him and Walters asked him to sign it and he did not write anything in the deed or alter it in any way after it was presented to him for signature and that after executing it he gave it to Walters or his attorney. As to the consideration for the second deed, it was proved that this was a trade, in part at least, between Fidler and Walters, and that after, the execution of the first deed of August 15, 1910, Walters conveyed to Fidler in payment certain real estate in Rochelle, Illinois; and Walters now contends that the entire consideration had passed before the second deed was made and therefore the second deed was without consideration. This defense was available at the May term, 1919, and is disposed of by our former decision.

We find no reversible error in the record. The decree is therefore affirmed.

*Affirmed.*