The People of the State of Illinois ex rel. Drainage
Commissioners of Union District No. 2 of the
Towns of Momence and Ganeer, Illinois, Appellee,
v. Chicago & Eastern Illinois Railway Company,
Appellant.

Gen. No. 8,219.

Heard in this court at the May term, 1930. Opinion filed September 18, 1930.

HUNTER & MINOR, for appellant.

A. L. and C. M. GRANGER, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

A petition for a writ of mandamus was filed by appellee in the circuit court of Kankakee county, to compel appellant to remove a 36-inch pipe placed by it

across its roadbed. Said petition in substance set forth that appellee was organized under the Farm Drainage Act, Cahill's St. ch. 42, ¶ 120 *et seq.*, to provide a system of drainage for some 2,200 acres of land, the outlet for which is a natural watercourse running from the northeast of the district in a southerly, then westerly, and then in a northwesterly direction to the Kankakee River; that appellant operates a railway, running in practically a northerly and southerly direction, the right of way of which crosses said watercourse; that the system of drainage adopted by appellee consists of a tile, following the general direction of said watercourse, supplemented by an open ditch located substantially in said watercourse, which has been deepened, straightened and widened, but which carries no water not draining naturally in said watercourse; that appellee demanded of appellant that it remove said pipe or culvert and replace the same with a larger one at an appropriate elevation; that, while appellant insists that it alone should do said work, it failed and refused so to do, unless appellee pay the entire expense thereof. Said petition, as finally amended, prayed a writ to remove the present culvert and to replace the same with another at least 48 inches in diameter, with a flow line conforming to that of the open ditch, and avers that, as a result of the refusal of appellant to comply therewith, said system of drainage does not fulfil its purpose.

Appellant filed an answer which, in substance, denied the material allegations of said petition. A jury was waived and, on the trial before the court, the issues were found in favor of appellee and, upon amending the prayer of the petition, proffering to reimburse "the defendant the cost incident to said work of excavating, deepening and widening the said ditch through the embankment or right of way of the defendant and below the natural surface of the ground,"

the court ordered that a writ of mandamus issue, commanding appellant to grant the relief in substance set forth in the prayer of the petition as finally amended. To reverse said judgment, this appeal is prosecuted.

Prior to the hearing of this cause, a motion was made by appellee to transfer the same to the Supreme Court, on the ground that a freehold was involved. This motion was taken with the case. Without going into a detailed discussion thereof, we hold that, in the determination of the questions here to be decided, no freehold is involved. *Road District v. Miller,* 156 Ill. 221–223; *Chicago, B. & Q. Ry. Co. v. People,* 212 Ill. 103–109; *People v. West Chicago St. R. Co.,* 203 Ill. 551, 553–556.

Counsel for appellant concedes in his brief and argument: ''If the place where the pipe now is located is a natural watercourse and appellant has obstructed the same so as to retard the natural flow of the water, accelerated by improved methods, appellant would be required to remove such obstructions, and mandamus would be the proper remedy.'' It is contended, however, ''that appellant cannot be compelled to enlarge the alleged natural watercourse.'' In this connection counsel insists that ''the judgment required appellant to excavate and surrender part of its right of way, . . . and that appellant is not only entitled to damages for the land taken in enlarging the watercourse, but also damages that may be occasioned by the necessity of trussing its tracks, guarding the safety of trains, and the interruption of its business.''

In answer thereto, counsel for appellee insist that it is not seeking to enlarge the natural watercourse across appellant's right of way, but that, by reason of the work done in said district to carry the water from the lands of said district in its natural course, the culvert or pipe placed by appellant under its tracks is inadequate and, in effect, obstructs the flow.

In support of its contention, counsel for appellant cites *Illinois Cent. R. Co. v. Commissioners of Highways,* 161 Ill. 247; *Cache River Drainage Dist. v. Chicago & E. I. R. Co.,* 264 Ill. 97, and *Village of Bradley v. New York Cent. R. Co.,* 296 Ill. 383. *Illinois Cent. R. Co. v. Commissioners of Highways,* and *Village of Bradley v. New York Cent. R. Co.,* involve questions of an entirely different character from those involved here. Neither has anything to do with the obstruction of a watercourse. In *Cache River Drainage Dist. v. Chicago & E. I. R. Co.,* the Supreme Court at page 102 says:

"The public have an easement in the channel of Post creek, and appellant must keep the channel under said bridge of such size as to offer a passage for all waters that naturally flow, or have a tendency to flow, in and along such watercourse. This is a continuing and expanding obligation. This channel must be kept unobstructed, so as to serve as an outlet for all waters that naturally flow through said channel, even if such flow is accelerated by artificial means, in order to meet the reasonable requirements of property owners and the public as changed conditions and increased use may demand."

There is no conflict between the position of appellee and the law as laid down in the latter case.

The testimony of some nine witnesses on the part of appellee is to the effect that, at the point within said drainage district where appellant's railroad crosses the same, there is a basin comprising some 460 acres, of which basin about 330 acres are on the east side of said railroad and 130 acres on the west side thereof; that when this basin is filled to overflowing, the waters therein flow in a well-defined current from east to west and pass out of said basin on the rim west of said right of way, thence in a natural watercourse which empties into the Kankakee River. The engineer for

said district testified that the low point of the rim of said basin was to the west of the right of way of appellant.

The witnesses on the part of appellant testified with reference to the height of the rim at different points, both east and west of said railroad. While some of the points of the rim west of the railroad were higher than some points on the east, there is no proof tending to show that the waters from said basin flowed to the east, or that they flowed other than as testified to by appellee's witnesses.

A jury having been waived, the finding of the trial court on the controverted facts is entitled to the same weight as the verdict of a jury. *Moore v. Molloy Co.,* 222 Ill. App. 295–298. We therefore hold that, under the evidence as above set forth, we would not be warranted in disturbing the findings of the court on the facts.

It is also contended that, in order to maintain a petition for mandamus, a demand must have been served which is express and distinct in its terms, clearly designating the act required. While it is practically conceded that a demand was made that the present pipe or culvert be removed as an obstruction, and that such demand was sufficient so far as the matter of the removal is concerned, it is insisted that, as said demand was also to the effect that appellant widen and deepen its excavation under its right of way and replace the present pipe or culvert with one having a diameter of 48 inches, it was thereby rendered insufficient and unavailing.

Appellant did not question the sufficiency of the demand when made, but placed its refusal to comply on the ground that it should be reimbursed for the entire expense of replacing said 36-inch with a 48-inch pipe, and it is not now in a position to complain as to the form of the demand.

It is next insisted that the present pipe is sufficient; that the only testimony in regard thereto is that of appellee's engineer and of an engineer on behalf of appellant, appellee's engineer testifying that said pipe was not adequate and appellant's engineer testifying that it was, and that therefore there was no preponderance of the evidence in favor of the finding of the court.

In order to set aside the court's finding on questions of fact, we must hold that such finding is against the manifest weight of the evidence. In addition to the testimony of appellee's engineer, the evidence on the part of several of the witnesses who testified for appellee tends to corroborate the testimony of appellee's engineer to the effect that the existing pipe was not adequate. We would therefore not be warranted in disturbing the finding with reference to the adequacy of the existing pipe.

It is also contended by counsel for appellant that its property is being taken without due process, and that condemnation proceedings should have been had, to determine its damages. Counsel evidently loses sight of the fact that, according to the testimony of the witnesses, there was a natural watercourse existing where appellant afterward constructed its road-bed, and that appellant recognized the same by constructing an open waterway under said tracks, and thereafter, of its own motion, replaced the same with said 36-inch pipe. It is not for appellant to determine, as against persons owning lands in said drainage district, whether it has adequately provided a means for the flow of said waters. If not able to settle that question by agreement, it is one for the determination of the courts, when properly presented.

At common law, if a railroad or other highway crosses a natural watercourse or a public highway, such highway or railroad must be so constructed

across the existing highway or waterway, and so maintained, as to subserve the demands of the public, not only as they exist at the time of crossing the same, but for all future time. *Chicago, B. & Q. Ry. Co. v. People, supra,* 111.

"A railroad company, in constructing its road over watercourses, must make suitable bridges, culverts or other provision for carrying off the water effectually. (Engell on Watercourses—7 Ed.—sec. 465b.) The duty imposed by statute upon such company to restore the stream crossed to its former state, or to so restore it as not to impair its usefulness, exists also in the absence of express statutory requirement. (Pierce on Railroads, p. 203.) The same obligation in such case rests upon the corporation as rests upon a private owner who undertakes to interfere with the watercourse in the same way." *Ohio & Mississippi Ry. Co. v. Thillman,* 143 Ill. 127–133; *Chicago, B. & Q. Ry. Co. v. People, supra,* 111.

In *Kankakee & Seneca R. Co. v. Horan,* 131 Ill. 288, the court, in speaking of the contention of the railroad that the court erred in refusing to give an instruction requested by it, at page 308 said:

"It, in substance, tells the jury that the appellant, when fixing the culvert for the passage of the water of the Parker slough, a natural watercourse, was only bound to so construct it that it was no obstruction to the water then flowing into it, but as to any increase of water caused by the drainage into it by people along the course of the slough the appellant would not be liable, though the culvert was not sufficient to admit of the passage of such water. We do not subscribe to this doctrine. The Parker slough was a watercourse, and it was the legal right of anyone along its line, for miles above the railroad, where the water naturally shed toward the slough, to drain into it, . . . . It would seem legitimately to follow that the railroad company, in providing a passageway for the slough,

was bound to anticipate and provide for any such legal increase of the water flow.''

"In *Cleveland v. City Council of Augusta,* 43 L. R. A. 638 (Ga.), this language is used: 'At common law the rule is, that where a highway is made across another one already in use, the crossing must not only be made with as little injury as possible to the old way, but whatever structures may be necessary to the convenience and safety of the crossing must be erected and maintained by the person or corporation constructing and using the new way.'

"In the case of *Lake Erie and Western R. Co. v. Cluggish,* 143 Ind. 347 (42 N. E. Rep. 743), it is said: 'The duty of a railroad company to restore a stream or highway which is crossed by the line of its road is a continuing duty; and if, by the increase of population or other causes, the crossing becomes inadequate to meet the new and altered conditions of the country, it is the duty of the railroad to make such alterations as will meet the present needs of the public.' . . .

"In *State of Indiana v. Lake Erie and Western R. Co.,* 83 Fed. Rep. 287, it is said: 'If, by the growth of population or otherwise, the crossing has become inadequate to meet the present needs of the public, it is the duty of the railroad company to remedy the defect by restoring the crossing so that it will not unnecessarily impair the usefulness of the highway.' '' *Chicago, B. & Q. Ry. Co. v. People, supra,* 112.

Under the foregoing authorities, appellant is clearly under obligation to remove the obstruction which the court has found to exist in said watercourse, and that at its own expense. When the trial court provided that appellee should reimburse appellant for the expense it may be put to in the matter of the deepening and widening of said channel under its road, it did all that appellant was entitled to under the law. *Chicago, B. & Q. Ry. Co. v. People,* 200 U. S. 561.

Some contention is made by appellant that the evidence discloses that the natural watercourse under its track is some 70 to 100 feet north of said 36-inch pipe, and that for that reason the court was not authorized to grant said writ. Appellant is in no position to raise this question, in view of the fact that it has itself maintained, either by an open trestle or the present 36-inch pipe, a passageway for the water in question at this point. Even if that were not true, there is nothing in the evidence which makes the particular point where said water crosses under said right of way so important as to make a few feet one way or the other a determining matter.

It is also contended that the court erred in requiring appellant to deepen and broaden the watercourse under its tracks before it had been paid for. Inasmuch as the amount of such expense is unliquidated, and inasmuch as the drainage district is a quasi-municipal body, having the power to raise the necessary funds for carrying on the work of its district, appellant would seem to have ample security that it will be reimbursed therefor. The court retained jurisdiction of the cause, among other things, for that very purpose.

Some question seems also to have been made by appellant as to the court requiring it to do said work, instead of appellee district. Taking the whole record into consideration, it clearly appears that, if this work is to be done, appellant would prefer to do the same, and that it is not really objecting on that account. This question is not entitled to any serious consideration.

Finding no reversible error in the record, the judgment of the trial court will be affirmed.

*Judgment affirmed.*