JULIA N. JACKSON, Appellee, *vs.* JACOB GLOS *et al.*
Appellants.

*Opinion filed February 25, 1911—Rehearing denied April 5, 1911.*

1. REGISTRATION OF TITLE—*what is not sufficient proof that abstracts of title were made in ordinary course of business.* To authorize admission of abstracts of title in evidence under the provisions of the Torrens law it must be proved that they were made by makers of abstracts in the ordinary course of business, and the mere testimony of a witness that he knew the signatures and that they were those of persons or firms engaged in making abstracts, and that in his opinion, which was based solely on the appearance of the abstracts, they were made in the ordinary course of business, is not sufficient proof of that fact.

2. APPEALS AND ERRORS—*judgment of affirmance is conclusive that there were no errors—effect where decree is affirmed in part.* A judgment of affirmance by the Supreme Court is forever conclusive upon the parties that there was no error in the judgment or decree, not only as to objections actually made but as to all others that might have been made; and where a decree in equity is affirmed in part and reversed in part the same rule applies so far as the portion affirmed is concerned, and it cannot thereafter be impeached for error in the proceeding.

3. SAME—*a party is presumed to urge all objections he has on first appeal.* Where a case is determined by the Supreme Court on its merits, it will be presumed the appellant or plaintiff in error has no objections to urge against the record except those which he presents, and if any errors existed which were not presented he will not be permitted to urge them on a second appeal, which, in such cases, brings up nothing except proceedings subsequent to the remandment; and the court will take judicial notice of its own record to ascertain the facts.

4. SAME—*parties are concluded by questions decided though reversal is on other grounds.* If the court does not consider or decide questions raised by the appellant or plaintiff in error by his assignments of error and brief and argument and the judgment is reversed on other grounds, he is not concluded as to such questions on second appeal; but as to questions which were presented and decided, or which it was necessary to consider and which the court did consider, the judgment of the Supreme Court is conclusive upon the parties upon second appeal, even though the reversal was upon other grounds.

5. SAME—*when objections are waived.* Objections to the constitutionality of a statute and to the provisions of the decree which

were not presented and argued by the appellant on his first appeal, although they existed, if at all, at that time, must be regarded as waived and cannot be urged by him upon appeal from a second decree, which is in precisely the same form as the decree which was reversed on the first appeal.

6. TAX DEEDS—*it cannot be presumed that sale was advertised to take place on certain date.* A tax deed is invalid where there is no evidence that the day on which the precept was made and on which the sale opened was the day on which the sale was advertised, as, even if it could be presumed that the officer having the duty in charge complied with the law and advertised the sale, it cannot be presumed that he advertised it for a particular day.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

VICTOR M. HARDING, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Cook county entered a decree in this cause setting aside certain tax deeds under which the appellants claimed, which were mentioned in the application of the appellee for registration of title in fee simple in her to a lot in Chicago and ordered the registrar of titles to register the title of the appellee as claimed. That decree was reversed for a failure to prove the averment of the application that the lot was unoccupied and because the court did not require the appellee to reimburse the holder of one tax deed, and the cause was remanded to the circuit court. (*Jackson* v. *Glos,* 243 Ill. 280.) The cause was re-instated in the circuit court and was again referred to an examiner of titles for the purpose of taking further evidence. The same abstracts and evidence offered on the previous reference were again offered, and the appellee introduced evidence showing that the lot was unoccupied, and Jacob Glos,

one of the appellants, offered evidence to sustain his tax
title.   When the abstracts were offered in evidence on the
first reference sixty objections to them were interposed, and
when they were again offered the same objections were re-
newed with sixty-two additional objections.   All of the ob-
jections were overruled and the abstracts were received in
evidence.   The examiner made a report that the appellee
was entitled to registration of title in herself in fee simple
and that the tax deeds were void, and the appellants each
severally filed fifty-six objections to the report.   All of the
objections were overruled by the examiner and the cause
was heard upon the same as exceptions to the report.   The
court overruled the exceptions and entered a decree setting
aside the tax deeds upon condition that the appellee should
pay to the appellants Jacob Glos and Emma Glos certain
sums of money found due them, and ordered the registrar
of titles to register the title of the appellee.   The appellants
severally prayed appeals from that decree and perfected the
same.

The appellee claimed title in fee simple by a connected
chain of conveyances beginning with a grant by the United
States to the State of Illinois for canal purposes, and fol-
lowed by conveyances, proceedings in court, plats, powers
of attorney and other papers relating to the transfer of
title, and the evidence of her title consisted of a series of
abstracts upon which these documents were noted.   Among
the multitudinous objections to the abstracts when they were
offered on the first reference and renewed when they were
offered on the second reference were, that the provisions of
the Land Title act for the use of abstracts as evidence had
not been complied with in various particulars, and that the
evidence was insufficient to establish the fact that they were
made in the ordinary course of business by makers of ab-
stracts.   The objections were overruled and the abstracts
admitted in evidence, and the examiner was sustained by
the court in passing on the exceptions.   There was no evi-

dence that three of the abstracts were made in the ordinary
course of business. The only evidence on that subject was
the testimony of a witness who knew the signatures at-
tached to the abstracts and that they were the signatures of
a firm and a corporation engaged in making abstracts. The
witness gave an opinion that the abstracts were made in
the ordinary course of business, but that opinion was based
upon nothing but looking at the abstracts, which looked like
abstracts turned out by abstract makers. The examiner or
the court, or anyone else, could determine just as well as
the witness whether the abstracts were made in the ordi-
nary course of business from their appearance. To hold
that abstracts were made in the ordinary course of business
because they looked as though they were, was leaving the
abstracts to prove themselves. (*Waugh* v. *Glos,* 246 Ill.
604.) It has never been considered that books of account
admissible in evidence, when proved to have been made in
the ordinary course of business, can be admitted without
proof of the fact. *House* v. *Beak,* 141 Ill. 290.

But while the objection was made on each reference
and was included in the exceptions, it was not made a
ground for asking a reversal on the former appeal. Of
the numerous assignments of error, those which now ap-
pear to be relied upon and which are elaborated in the ar-
gument are: First, that the section of the Land Title act
making abstracts competent evidence is void because in
conflict with the constitution and not submitted to a vote
of the people; second, that the tax titles were shown by
the evidence to be valid; and third, that the court erred in
ordering immediate registration of the title in appellee.

The first objection has been decided adversely to the
claim of the appellants in *Brooke* v. *Glos,* 243 Ill. 392,
and *Waugh* v. *Glos, supra,* and there is a further question
whether either that or the third, concerning the provision
of the decree for immediate registration of title, can be
raised on this appeal. Both of those objections existed and

might have been presented on the former appeal. If a judgment or decree is reviewed by this court on error or appeal and is affirmed, the parties are forever concluded, not only as to the objections actually made, but as to all others that might have been made. (*People* v. *Waite,* 243 Ill. 156.) The judgment of affirmance is conclusive that there was no error in the judgment or decree. The same rule applies where a decree in equity is affirmed in part and reversed in part, so far 'as the portion affirmed is concerned, and the portion affirmed cannot afterward be impeached for any error in the proceeding. (*Dilworth* v. *Curts,* 139 Ill. 508.) If a case is determined in this court upon its merits, it will be presumed that the appellant or plaintiff in error has no objections to urge against the record except those which have been presented, and if any errors exist which are not assigned, he will not be permitted to assign such errors on a second appeal. For that purpose the court will take notice of its own records. (*Newberry* v. *Blatchford,* 106 Ill. 584.) In such a case a second appeal brings up nothing except proceedings subsequent to the remandment, for the reason that a party will not be permitted to have his cause heard part at one time and the residue at another. (*Ogden* v. *Larrabee,* 70 Ill. 510.) If a case is brought to this court and considered, the judgment of the court as to all the points and questions presented and decided will forever conclude the parties, and in case of a second appeal such questions cannot be re-considered. (*Smyth* v. *Neff,* 123 Ill. 310; *Chicago Theological Seminary* v. *People,* 189 id. 439.) And the rule extends to questions before the court which it was necessary to consider and the court did consider, although the judgment was reversed on other grounds. (*Johnson* v. *VonKettler,* 84 Ill. 315.) If an appellant or plaintiff in error, by his assignment of errors and brief and argument, presents questions which are not considered or decided by the court and the judgment is reversed on other grounds, he will, of course, not be concluded as to them

on the second appeal. The question of the constitutionality of the provision making abstracts evidence of title existed from the time of its enactment and at the time of the first appeal in this case, and the decree which was reversed was in precisely the same form as the decree now appealed from. There was merely a re-entry of the former decree, and neither of the objections now presented was mentioned on the former appeal as a ground for setting aside the decree. The appellants were bound to bring forward at that time every objection appearing in the record which they had to the decree. The only objections which they saw fit to present were that they ought to have been reimbursed upon setting aside a tax deed for a vigintillionth of the lot and that there was a failure to prove that the lot was unoccupied. All other objections were waived, and to permit the new objections to be made now would be to hear the appellants' case by piecemeal.

It is contended that the evidence proved the tax titles to be valid. The examiner, in his report, stated nine reasons for finding them invalid, some of which were wrong and one of them in direct conflict with section 224 of the Revenue act, which provides that tax deeds shall be *prima facie* evidence that the taxes or special assessments were not paid at any time before sale. There is one reason, however, at least, which is good. The precept was made on August 11, 1902, and the sale opened on that day and was continued from day to day until the lot in question was reached, and it was sold on August 18, 1902. There was no evidence that August 11 was the day on which the sale was advertised. Counsel for appellants relies solely on the presumption that the officer having that duty in charge complied with the law. If it is to be presumed that the sale was advertised, there is no presumption that it was advertised to take place on August 11, 1902.

The decree is affirmed.                    *Decree affirmed.*