(No. 11741.—Judgment affirmed.)

THE VILLAGE OF CATLIN, Appellee, *vs.* LOU G. TILTON *et al.* Appellants.

*Opinion filed December 19, 1917.*

1. SPECIAL TAXATION—*an objection is proper and necessary to raise matter of which court takes judicial notice.* The fact that the statute requires courts to take judicial notice of the organization of cities and villages under the general law does not dispense with the propriety or necessity of an objection in a special assessment proceeding that the petitioner is not a legal municipality, and such an objection should not be stricken from the files.

2. SAME—*when corporate existence of village cannot be questioned.* Where a village organized under the general law has held an election resulting in favor of the proposition that the village organization be dissolved, and after the election continues to act and exercise corporate powers as a municipality by a change in organization under the act providing for the commission form of government, the corporate existence of such village cannot be questioned in a proceeding by it to pave a street by special taxation.

APPEAL from the County Court of Vermilion county; the Hon. LAWRENCE T. ALLEN, Judge, presiding.

DWYER & DWYER, for appellants.

A. R. HALL, Village Attorney, and HALL & HOLADAY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

An ordinance providing for paving a part of Sandusky street, in the village of Catlin, to be paid for by a special tax, was passed on February 19, 1917, and approved on the same day by the mayor, and a petition was filed in the county court of Vermilion county for the confirmation of the tax. The appellants filed thirty-two objections for their several pieces of property, the thirty-first and thirty-second of which were as follows:

"(31) That said village of Catlin was dissolved as a municipality under and by virtue of the laws of the State of Illinois, and there is not now a legal or valid municipality, and has no lawful right to make any public improvement or levy a special assessment thereof.

"(32) That there is no such municipality as the village of Catlin; that said proceeding is in all respects uncertain, informal and insufficient."

The court, on motion of the petitioner, struck from the files these objections and overruled the remaining legal objections. The objectors waived further controversy as to the remaining questions upon the record and the court confirmed the tax.

The court erred in striking from the files the objections that the village had been dissolved and that there was no such municipality as the village of Catlin. The statute requires courts to take judicial notice of the organization of cities and villages under the general law, but while no evidence is required to show facts of which the court by law must take notice, that requirement does not obviate the necessity of an objection. The method by which the fact is to be ascertained does not affect any question of pleading. Courts may require instruction or information concerning

the fact which, as a judicial function, they are required to know, and may in all cases, upon their own motion, make such examination or inquiry as they deem necessary to verify the fact. (*Potwin* v. *Johnson,* 108 Ill. 70; *Harmon* v. *City of Chicago,* 110 id. 400; *City of Rock Island* v. *Cuinely,* 126 id. 408; *Jones* v. *Town of Lake View,* 151 id. 663; *Canal Comrs.* v. *Village of East Peoria,* 179 id. 214; *Bessette* v. *People,* 193 id. 334.) The court does not necessarily determine that the organization of a municipality is legal or that it may not be attacked and ousted of its franchise by an information in the nature of *quo warranto,* but the court is required to know whether a municipality has been organized and is acting and exercising a franchise under the general law. If the court found, as a fact, that the village of Catlin had been dissolved and had ceased to exist or act as a municipality under the law, that would be a good defense to an attempt to exercise corporate powers, but if the finding was that there was still a *de facto* municipality claiming and exercising the corporate franchise, the objection would have to be overruled because an attack on the existence of such a municipality can only be made in a direct proceeding. (*Boone's Pond Drainage District* v. *St. Louis, Iron Mountain and Southern Railway Co.* 268 Ill. 264.) A decision against the validity of such a municipality as to one piece of property would affect only that property, while as to the public and all other persons the municipality would still exist, but in *quo warranto* a judgment of ouster would dissolve the village organization and the judgment would be conclusive and binding upon everyone.

On the hearing the objectors offered in evidence the record of a petition to determine whether the village should be dissolved, an order for an election on August 29, 1910, and the recorded result of the election as 145 for and 79 against the dissolution, showing that the proposition was carried. They also offered to prove that the village clerk

and president of the board of trustees gave to the Secretary of State notice of the result of the election and filed in the office of the county clerk a statement showing the result. The offered evidence was rejected, and whether the ruling was right or wrong is immaterial, because the county court would properly take judicial notice, and this court on review, exercising the same function, takes judicial notice, that the village was organized under the general law, that after the election to determine whether the village should be dissolved it continued to act and exercise corporate powers as a municipality, and was acting by a change in organization under the act providing for the commission form of government. The question of the corporate existence, therefore, could not be raised in this proceeding.

The judgment is affirmed.   *Judgment affirmed.*