(No. 12335.—Judgment affirmed.)

The People ex rel. City of Champaign et al. Appellees, vs. The County of Champaign, Appellant.

*Opinion filed December 18, 1918—Rehearing denied Feb. 6, 1919.*

1. Constitutional law—*the act permitting a city to organize into separate township is valid.* The act of 1903, (Laws of 1903, p. 352,) requiring the county board, when requested by resolution of the city council of a city having a certain population and composed of parts of two or more townships, to provide that the territory of such city shall be organized into a separate township, is mandatory, and is not subject to the constitutional objections that it is incomplete or is a delegation of legislative power. (*People v. Grover*, 258 Ill. 124, followed.)

2. Municipal corporations—*provision permitting city to organize into separate township not repealed.* The provision of the act of 1903 that a city having a certain population and composed of two or more townships may require the county board to organize the city into a separate township was not repealed by paragraph 26 of the Township Organization act, (Hurd's Stat. 1917, p. 2912,) as amended in 1913.

3. Same—*courts will not take judicial notice that a town has been organized into a park district.* Courts are not bound to take judicial notice that a certain town has held an election and organized as a park district under the authority of the statute.

Appeal from the Circuit Court of Champaign county; the Hon. W. K. Whitfield, Judge, presiding.

Dobbins & Dobbins, for appellant.

Fred B. Hamill, City Attorney, and Herrick & Herrick, for appellees.

Mr. Justice Farmer delivered the opinion of the court:

This is an appeal by the county of Champaign from a judgment of the circuit court of said county awarding a peremptory writ of *mandamus* against appellant. The People, at the relation of certain individuals, filed a petition for a writ of *mandamus* commanding the board of super-

visors of the county of Champaign to meet in regular or special session at a time to be designated, to do and perform all acts necessary for the organization of the territory embraced in the city of Champaign into a separate town, to be known and designated as "Town of the City of Champaign." The petition alleged the city of Champaign had a population of not less than 15,000 and that its territory is composed of portions of two townships; that the city council, by resolution duly adopted November 21, 1916, requested the board of supervisors of said county to organize the territory of the city into a separate town under the name of "Town of the City of Champaign," which resolution is set out in full in the petition. The resolution was not finally acted upon by the board of supervisors until in June, 1917, when the board refused to comply with the resolution and its request.

The authority for the resolution and claim of right to the *mandamus* is section 1 of the act of 1877 as amended in 1903, (Hurd's Stat. 1917, p. 2928,) which reads as follows: "That the county board, in any county under township organization, may provide that the territory embraced within any city in such county shall be organized as a town; provided, such territory shall have a population of not less than 3000; and provided the city council in such city shall, by resolution, request such action by the county board; and provided further, that whenever the territory of any city of a population of not less than 15,000 shall be composed of portions of two or more townships, and shall by its council request, by resolution, the county board to organize it into a separate township, as aforesaid, and shall designate the name thereof, it shall be the duty of the county board to comply with such request and provide for such organization of said city into a new township under the name designated in such resolution of said city council."

Appellant demurred to the petition, setting up as special ground that the statute is unconstitutional, and some

other special causes of demurrer. The circuit court over-
ruled the demurrer, and, appellant not answering further,
rendered judgment awarding the peremptory writ, from
which judgment this appeal is prosecuted by the county of
Champaign.

The constitutional objections raised are that the statute
creates an unreasonable and arbitrary classification; that
it is, if construed to be mandatory on the board of super-
visors, an incomplete piece of legislation, depending for
its enforcement on the will of the city, and, as construed,
amounts to a delegation of legislative power to the city
council. It is also urged that the circuit court erred in
construing the statute to be mandatory on the board of
supervisors; that the proviso under which the city acted
was repealed by an act of June 28, 1913; and it is said
the city is a park district, and the circuit court erred in
ignoring that situation in awarding the writ.

We do not deem it necessary to discuss at length the
constitutional objections raised, as the validity of the act
was fully discussed and the act sustained in *People* v. *Gro-
ver*, 258 Ill. 124. In that case the city of Bloomington,
having a population of more than 15,000 and composed of
parts of two townships, had been organized under the act
referred to, as the town of the city of Bloomington. The
organization was attacked on the ground the statute was
unconstitutional. The only difference between that case
and this is that in the Bloomington case the board of super-
visors, without compulsion, granted the request of the city
council, while here they refused to grant it and it is sought
to compel them to do so. Whether the proviso added to
section 1 in 1903, which is the provision here involved, is
mandatory on the board of supervisors, leaving that body
the exercise of no option or discretion, was incidentally
involved in the Bloomington case, in which it was argued
that if it was mandatory the proviso was unconstitutional,
and in the same connection it was argued that the first part

of the section, applying to cities of a population of 3000 or more, left it optional with the board of supervisors whether they would grant the request of the city council. Upon those questions the court said: "In this connection it may be noted that plaintiff in error insists that the proviso is unconstitutional because the county board has no option in granting the resolution if presented in proper form, while the first part of the section says that the county board 'may provide,' leaving it optional with the board whether they shall allow the petition or not. Without passing on the question as to whether the first part of the section and proviso should be thus differently construed even if the proviso be construed as not giving the county board an option, that would not make it unconstitutional." The proviso is mandatory, and when the city council had complied with the requirements of the statute the board of supervisors were required to grant its request. The statute is not subject to the objection that it is incomplete or is a delegation of legislative power. *Sheldon* v. *Hoyne,* 261 Ill. 222; *Block* v. *City of Chicago,* 239 id. 251.

It is also contended the proviso of 1903 is repealed by necessary implication by paragraph 26 of chapter 139 of Hurd's Statutes, as amended in 1913. The history of the two acts shows it was not the intention of the legislature that one should be superseded by the other, and we would not be justified in holding the act of 1913 repealed the former act unless the two acts were so repugnant as to be irreconcilable. In our opinion the two acts do not conflict. They were intended to apply to entirely different situations and territory, and effect may be given to both acts for the purposes for which they were enacted.

It is also claimed that the town of Champaign is a park district organized under the act of 1911, (Hurd's Stat. 1917, p. 2145,) and that under the provisions of paragraph 47 of chapter 105 of Hurd's Statutes the town of the city of Champaign could not have been formed without

submitting the question to be voted upon to the legal voters of the town. There is nothing in the record to indicate that there is any such park district. Appellant contends this court should take judicial notice that there is such a park district, and relies on *Village of Catlin* v. *Tilton,* 281 Ill. 601. What was there said was that the statute requires courts to take judicial notice of the organization of cities and villages under the general law. In that case there had been an election on the question whether the village should be dissolved, and the recorded result of the election offered in evidence showed 145 votes for and 79 against dissolution. This court said the county court and this court would take judicial notice that the village was organized under the general law, and that after the election to determine whether it should be dissolved it continued to act and exercise corporate powers as a municipality, and was so acting by virtue of a change in organization under the act providing for a commission form of government. That decision does not support appellant's contention. Courts are bound to recognize the law authorizing an election by a town to establish a park district, but they cannot take judicial notice that such an election has been ordered and held or of its result. (15 R. C. L. 1108; *Gay* v. *City of Eugene,* (Ore.) 18 Ann. Cas. 188.) Without considering whether, if it were properly shown by the record that the town of Champaign had organized a park district, that fact would have been an obstruction to the proceeding had for the organization of the town of the city of Champaign, it is not so shown by the record and we are not warranted in taking judicial notice of it.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*