(No. 14481.—Decree affirmed.)

CHRISTOPHER HARRIGAN *et al.* Appellants, *vs.* THE PEOPLE
OF THE STATE OF ILLINOIS *et al.* Appellees.

*Opinion filed October 21, 1922—Rehearing denied Dec. 7, 1922.*

APPEALS AND ERRORS—*what questions are settled by judgment of*
*affirmance.* An affirmance by the Supreme Court of a judgment of
the circuit court is a decision against the appellant on all the errors
assigned by him, whether mentioned in the opinion or not, and
also those which might have been presented.

APPEAL from the Circuit Court of Peoria county; the
Hon. JOHN M. NIEHAUS, Judge, presiding.

MANSFIELD & COWAN, for appellants.

ERNEST J. GALBRAITH, State's Attorney, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Here is the Harrigan case again. Appellants, Christo-
pher and Maggie Harrigan, filed their bill in the circuit
court of Peoria county to vacate an order of the probate
court allowing a claim for back taxes against the estate of
Michael Harrigan, deceased, in the sum of $4801.13. The
basis of this bill is the contention that a probate court does
not have jurisdiction to entertain a claim of this character.
The circuit court dismissed the bill for want of equity and
appellants want that decree reviewed.

This case has been before this court four times on ap-
peal or writ of error and once on petition for *certiorari,* but
appellants contend that the question of jurisdiction of the
probate court to entertain a claim against an estate for the
payment of back taxes has not been decided. In at least
two of the cases an attempt was made by the People to
transfer the cause to the Appellate Court because the reve-
nue was not involved, but appellants contended, and this
court held, that the cases were properly brought here be-

cause the question involved was the allowance of a claim against the estate of Michael Harrigan for the payment of back taxes. Appellants appear to have taken different positions pertaining to that issue in the different hearings before this court. However that may be, it is apparent from the statement of counsel for appellants in their brief that they are not entitled to a review of the question of jurisdiction now. It would serve no good purpose to go over the facts in this case beyond what have been stated. They appear in the opinions filed in the cases of *Heinrich* v. *Harrigan,* 288 Ill. 170, *People* v. *Harrigan,* 291 id. 206, and *People* v. *Harrigan,* 294 id. 171.

On the last appearance of this case in this court the complaint was of the judgment of the circuit court dismissing appellants' appeal to that court from the order of the probate court allowing this claim for back taxes. Counsel for appellants in this case state in their briefs that in that case a motion was made in the circuit court by the People (appellee) for a rule on the defendants to furnish a good and sufficient additional appeal bond, and that a cross-motion was made by the defendants for leave to file a special plea of abatement and to dismiss the suit for want of jurisdiction. The circuit court allowed the motion of the People and dismissed appellants' appeal for failure to comply therewith. When the appellants here, as plaintiffs in error in the case of *People* v. *Harrigan,* 294 Ill. 171, sought a review of the judgment of the circuit court dismissing their appeal, they had a right to complain of the action of that court in refusing to grant their motion to dismiss the suit for want of jurisdiction. If the circuit court refused to pass upon that motion they had a right to a review of that refusal. The question was therefore open to consideration in the case when it last appeared in this court. The affirmance of the judgment of the circuit court was a decision against plaintiffs in error on all errors they assigned, whether mentioned in the opinion or not, and likewise also

those that could have been presented. (*Jackson* v. *Glos*, 249 Ill. 388; *People* v. *Waite*, 243 id. 156; *Lusk* v. *City of Chicago*, 211 id. 183.) Appellants are not entitled to a second hearing on such errors. This being true, the circuit court of Peoria county did not err in dismissing appellants' bill, by which they seek to have set aside the order of allowance of the probate court.

The decree is therefore affirmed.    *Decree affirmed.*