(No. 32469.—

JOHN LEE, Appellant, *vs.* EULA LEE MATTHEWS FINLEY *et al.*, Appellees.

*Opinion filed Nov. 20, 1952—Rehearing denied January 19, 1953.*

ELLIS & WESTBROOKS, RICHARD E. WESTBROOKS, WIL-
LIAM P. RHETTA, JR., CHARLES E. BLEDSOE, and EDDIE C.
JOHNSON, all of Chicago, for appellant.

ISAAC I. BENDER, of Chicago, for appellees.

Mr. CHIEF JUSTICE CRAMPTON delivered the opinion of
the court:

In 1949, the present defendants, Eula Lee Matthews
Finley and Henry P. Willimon, brought an action for par-
tition in the superior court of Cook County, to which action
the present plaintiff, John Lee, was made a defendant. The
cause was referred to a master and the court later entered
a decree allowing partition and finding that the deeds under
which Lee claimed title were forgeries and he therefore
had no interest in the land in question. Thereafter, Lee
filed a petition with the trial court to vacate the decree,
based upon the allegation that he had no notice of the
pendency of the suit and that the attorneys who claimed
to represent him before the master did not in fact represent
him. This petition was denied and Lee perfected an appeal
to this court which affirmed the order of the trial court.
(*Finley* v. *Crossley,* 409 Ill. 435.) Thereafter, the United
States Supreme Court denied a petition for a writ of
*certiorari.* After remand to the trial court, Lee filed the
present action, which is a bill of review to set aside the
partition decree. An answer was filed, alleging that the
former decree and decision on appeal were *res adjudicata.*
A motion to strike the answer was denied and Lee's bill

of review was dismissed. He has appealed to this court, a freehold being involved.

The bill of review charged that a fraud was perpetrated on the superior court and this court in that the partition decree recited that it was based on the master's report, while the records of the superior court show that the master's report was not filed until after the decree was entered. It is true that a purported certificate of the superior court clerk is included as an appendix to appellant's brief, which certificate recites that the master's report and the report of proceedings before the master were not filed until after the entry of the decree. However, on the former appeal, the original report of proceedings before the master was incorporated in the record by stipulation of the parties and no question was raised as to the time it was filed until John Lee, in his reply brief on that appeal, first charged that a fraud had been committed. We take notice of the record on the former appeal under the familiar doctrine that a court will take judicial notice of its own records. (*Jackson* v. *Glos,* 249 Ill. 388; *People* v. *Bernovich,* 403 Ill. 480.) Whether the question of fraud be considered as aptly raised on the first appeal or whether it be considered as an error which could have been raised but was not, appellant is barred from presenting it now. *Jackson* v. *Glos,* 249 Ill. 388.

The sole other point which is raised by this bill of review is that the original partition decree is void for want of jurisdiction. This contention is founded upon the assertion that the plaintiffs in that proceeding alleged that they were the sole owners of the land and that no other person had any interest therein. It is true that we have held that where it appears in a partition suit that the plaintiff is the sole owner, there is no jurisdiction to award partition. (*Reynolds* v. *McCurry,* 100 Ill. 356.) However, a reading of the complaint for partition does not bear out this contention. It alleged that Lee's ancestor claimed an interest

under certain deeds and requested partition among plaintiffs *and all other persons who should appear to be owners.* This was sufficient to confer jurisdiction on the superior court. In any event, it having been determined by the superior court and this court, in actions to which Lee was a party, that he had no interest in the land, he is in no position to raise the question.

There being no fraud or want of jurisdiction, the superior court of Cook County properly dismissed the bill.

*Decree affirmed.*