(No. 34014.—

CHARLES G. LIND *et al.*, Appellants, *vs.* HARRY SPANNUTH *et al.*, Appellees.

*Opinion filed September 25, 1956.*

G. A. BURESH, of Chicago, (JAMES J. CHERRY, of Chicago, of counsel,) for appellants.

R. A. BIERDEMANN, of Chicago, for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiffs, Charles G. Lind and Wallace Schwab, leased property in River Forest from the defendants. They brought this action to cancel the lease on the ground that the contemplated use of the property for a photo finishing establishment violated the zoning ordinance of the village. Defendants' answer denied that the lease was invalid, and their counterclaim sought judgment for rent alleged to be due under the lease. Plaintiffs answered the counterclaim, alleging that the lease was executed for an illegal purpose, and made a motion for summary judgment on the same ground. Defendants filed an affidavit of defense setting forth the uses previously made of the property, to show that the contemplated use was a nonconforming use permissible under the zoning ordinance.

The trial court took judicial notice of the zoning ordinance, found that the lease was executed with the intent by both parties to use the property for an illegal purpose, and ordered both the complaint and the counterclaim dismissed for want of equity. Defendants appealed; plaintiffs did not.

The Appellate Court decided that the judgment of the

trial court was erroneous insofar as it dismissed the counter-claim for rent on the ground that the lease was executed for an illegal purpose, and that the judgment was not open to review insofar as it dismissed the complaint, because plaintiffs had not cross-appealed. The court also held that since no valid defense had been interposed to the counter-claim, the judgment should be reversed and the cause re-manded, "with directions to enter judgment for the amount of the rent which had accrued under the lease." (*Lind* v. *Spannuth,* 3 Ill. App.2d. 112.) No attempt was made to review the judgment of the Appellate Court by leave to appeal, but plaintiffs sued out a writ of error to the Appel-late Court which was dismissed on September 15, 1954. (No. 33348.)

On September 16, 1954, defendants' attorney mailed a notice to plaintiffs' attorney, stating that on September 20 he would appear before the trial court and ask leave to file the mandate of the Appellate Court and move that the case be set for hearing on the counterclaim for rent. Plaintiffs did not appear in response to the notice. An order was entered on September 20 granting defendants leave to file the mandate *instanter* and setting the counterclaim for hear-ing on September 28 "to determine the amount of rent accrued under the lease." The mandate was filed on Sep-tember 20, 1954. On September 28, at an *ex parte* hearing, evidence was heard and an order was entered finding that plaintiffs owed defendants $2133.33 for rent from March 1, 1953, to March 11, 1954. Judgment for this amount and costs was entered in favor of defendants and against plaintiffs. Plaintiffs appealed to this court, (No. 33569,) but the cause was transferred to the Appellate Court for the First District. The Appellate Court affirmed the judg-ment, (8 Ill. App.2d 442,) and granted a certificate of importance which brings the case to this court.

Plaintiffs' first contention is that the three justices of the Third Division of the Appellate Court for the First

District were disqualified to hear and dispose of the appeal from the judgment of September 28, 1954. The earlier appeal had been decided by this division of the Appellate Court, and the argument is based on section 11 of article VI of the constitution: "Such appellate courts shall be held by such number of judges of the circuit courts, and at such times and places, and in such manner, as may be provided by law; but no judge shall sit in review upon cases decided by him, * * *." The contention is without merit. The clause "but no judge shall sit in review upon cases decided by him" recognizes the fact that the judges of the Appellate Courts are also circuit judges. It means that no judge shall sit as a member of the Appellate Court in reviewing a case he decided as a trial judge. (See: *Provident Savings Life Assurance Society* v. *King,* 216 Ill. 416.) In the present case none of the justices of the Appellate Court participated in any of the proceedings in the trial court. And on the second appeal they did not "sit in review" of their earlier decision on the first appeal.

Plaintiffs next contend that the trial court was without jurisdiction to enter the judgment of September 28, 1954. The contention is that the Appellate Court exercised original jurisdiction when the case was before it on the first appeal (1) when it stated in its opinion that it was impelled to reverse that part of the order of the trial court that dismissed the counterclaim and to remand the cause, "with directions to enter judgment for the amount of rent that had accrued under the terms of the lease," and (2) when its mandate remanded the cause "for * * * further proceedings * * * not inconsistent with the views expressed in the opinion * * *." This alleged exercise of original jurisdiction is said to vitiate the mandate, and it is further argued that because the superior court was proceeding under a void mandate when it entered the judgment now before us, that judgment is likewise void.

It is true, as plaintiffs assert, that only appellate juris-

diction can be conferred upon Appellate Courts under section 11 of article VI of the constitution, (*People ex rel. Lydston* v. *Hoyne,* 262 Ill. 82,) and that when an Appellate Court exercises original jurisdiction it proceeds without authority. (*Goodrich* v. *Sprague,* 376 Ill. 80; *Scott* v. *Freeport Motor Casualty Co.* 379 Ill. 155.) While the first judgment of the superior court was not responsive to the motion for summary judgment which was before it, plaintiffs concede that the chancellor had the right to consider whether the lease was entered into for an illegal purpose. The power of the court to raise this issue *sua sponte* is settled. *First Trust and Savings Bank of Kankakee* v. *Powers,* 393 Ill. 97; *Vock* v. *Vock,* 365 Ill. 432.

Plaintiffs also concede that on the first appeal the Appellate Court had jurisdiction to determine whether the trial court was right or wrong in holding that the lease was executed for an illegal purpose. But they say that if the trial court was wrong, as the Appellate Court decided, that court had jurisdiction only to reverse the judgment and to remand the cause for a trial in due course. And they assert that the judgment of the Appellate Court which remanded the cause with directions to enter judgment for the rent which had accrued under the terms of the lease was the exercise of original jurisdiction.

The difficulty with the plaintiffs' position is that their argument overlooks the state of their own pleadings. They sought to set aside the lease on the sole ground of its illegality. They defended against the counterclaim for rent on the same single ground. So when the Appellate Court decided that the lease was legal, it also decided that the only defense which had been asserted to the counterclaim was not tenable. The Appellate Court did not determine the amount of rent due but remanded the cause to the superior court for that determination. In an analogous situation, in *Electrical Contractors' Ass'n* v. *A. S. Schulman Electric Co.* 391 Ill. 333, 346, this court said: "Defendant's

contention that the Appellate Court erred in remanding the cause with directions to enter judgment is without merit. There was no issue of fact determined by the Appellate Court. Its conclusions were based upon propositions of law. The amount due was not in controversy, and the only issue was the question of law as to whether or not there was liability." (See, also: *Abrams* v. *Awotin*, 388 Ill. 42, 47.) We hold that in the present case the Appellate Court did not exercise original jurisdiction when it decided the issue of law before it and remanded the case for a determination of the amount due.

Plaintiffs' final contention is that the judgment appealed from is void because the superior court lacked jurisdiction over their persons when it entered judgment. This argument is based upon section 88(2) of the Civil Practice Act, which in 1954 read as follows: "(2) When any cause is remanded for a new trial or hearing the reviewing court shall issue its mandate reversing and remanding such cause directly to such trial court; and upon the filing of such mandate in the trial court, the cause or proceeding shall be reinstated therein, upon ten days' notice being given to the adverse party or his attorney. Service of such notice may be made upon any party personally, whether found within or without the State, or upon the attorney of record of such party in the trial court in any manner provided for service of papers upon attorneys, or as the trial court may direct." Ill. Rev. Stat. 1953, chap. 110, par. 212.

In this case a notice was mailed to the plaintiffs on September 16, 1954, stating that on September 20, 1954, defendants would move for leave to file the mandate and that the case be set for hearing on the counterclaim. On September 20, 1954, leave to file the mandate was granted, the mandate was filed, and the cause was set for hearing on September 28. Plaintiffs contend that since the notice which they received did not fully comply with the statute, the court lacked jurisdiction.

Plaintiffs press upon us the numerous decisions of this court and of the Appellate Court which have treated section 88(2) of the Civil Practice Act and its predecessors in earlier statutes as expressing jurisdictional requirements. (See, *e.g., Austin* v. *Dufour,* 110 Ill. 85, 87; *Gage* v. *People ex rel. Hanberg,* 223 Ill. 492; *Snell* v. *Weldon,* 243 Ill. 496, 516.) Indeed, in *Snell* v. *Weldon,* this court said that the mandate is the declaration by which the court reacquires jurisdiction of the subject matter, and the ten-day notice is the summons by which it reacquires jurisdiction of the person. These decisions are analyzed in the opinions of the Appellate Court in this case, (8 Ill. App.2d 442,) and it is there pointed out that in many instances the language used went far beyond the requirements of the case, and that other decisions have not treated the provision as jurisdictional. We shall not repeat that analysis, but will confine ourselves to consideration of the relevant statutory provisions, for we think that they show that the legislature did not intend jurisdictional consequences.

The provision before us probably had its origin in *Murray* v. *Whittaker,* 17 Ill. 230, decided in 1855. There a judgment of the circuit court was reversed, and the cause was remanded for a new trial. This court held that the parties to the cause were bound to know that the cause had been remanded for further proceedings and that no notice of redocketing was required. The court went on to suggest that notice of redocketing would be desirable, and that suggestion may have been responsible for the provision requiring notice which the General Assembly enacted in 1877. Laws of 1877, p. 152.

Section 88(2) does not speak in the language of jurisdiction, and indeed other clauses of the same section are inconsistent with that concept. If the jurisdiction of the trial court over subject matter and person is completely terminated by the perfection of an appeal, it is of course

terminated regardless of the outcome of the case in the Appellate Court. Yet section 88(1) provides that "When an appeal is dismissed, or a judgment, order or decree is affirmed, execution may issue and other proceedings may be had thereon in all respects, as if no appeal had been taken upon the filing of the mandate," without any notice whatsoever of the filing of the mandate. And if jurisdiction is to be separated into compartments, the reviewing court would lose jurisdiction upon the filing of its mandate in the trial court. Yet section 82(5) fixes the period within which the reviewing court can recall its mandate whether or not the mandate has been filed in the trial court.

Section 76 of the Civil Practice Act likewise shows that the trial court does not lose jurisdiction for all purposes upon perfection of an appeal. It provides that pending the issuance of a *supersedeas* property may be sold at a private or judicial sale, and a subsequent reversal or modification of the judgment will not affect the rights of purchasers who are not parties to the action. Ill. Rev. Stat. 1955, chap. 110, par. 76.

Plaintiffs treat the case as three separate law suits, the first in the trial court, the second in the Appellate Court, and the third in the trial court again. They say that the jurisdiction of the trial court ended with the filing of the notice of appeal; that the jurisdiction of the Appellate Court then attached, and continued until the mandate was filed in the trial court and notice served in strict accordance with the statute. This concept of fragmented jurisdiction did not exist in the absence of statute. (*Murray* v. *Whittaker*, 17 Ill. 230.) It is not required by the language of the statute, and it is inconsistent with the general statutory scheme.

We hold that section 88(2) is directory. It was enacted to prevent reinstatement of the cause without adequate time for opposing counsel to prepare for retrial of the case. The

320

only question is whether the failure to give proper notice prejudiced the rights of the plaintiffs. It is not contended that it did. Plaintiffs had actual notice of the motion to reinstate, and if they had wished to object to its form they should have made their objection known.

The judgment of the Appellate Court is correct and is affirmed.

*Judgment affirmed.*