(No. 34778.—

THE CITY OF EAST ST. LOUIS, Appellee, *vs.* FRANCIS TOUCHETTE *et al.*, Appellants.

*Opinion filed June 20, 1958.*

John R. Sprague, and Elmer M. Lanter, both of Belleville, for appellants.

Robert F. Godfrey, City Attorney, of East St. Louis. for appellee.

Mr. Justice Bristow delivered the opinion of the court:

Francis Touchette and the city of Centreville, of St. Clair County, appeal directly to this court from an order of the county court of St. Clair County finding that a certain annexation ordinance of the city of East St. Louis was valid and conformed to section 7—1 *et seq.* of the Revised Cities and Villages Act, (Ill. Rev. Stat. 1957, chap. 24, par. 7—1 *et seq.*) describing the territory annexed to East St. Louis, and directing that the question of annexation be

submitted to the corporate authorities of the annexing municipality of East St. Louis.

Objectors-appellants contend that this court has jurisdiction on direct appeal because the franchise of the city of Centreville to continued existence is involved. Such conclusion is based on the contention that the territory proposed to be annexed will sever the corporate limits of the city of Centreville and destroy its contiguity.

Reversal of the county court is urged for the reason that territory lying in the city of Centreville cannot be annexed to the city of East St. Louis after a petition for organization of the city of Centreville has been filed, and also for the reason that the city of East St. Louis did not comply with the statutory conditions required.

The city of East St. Louis contends that this court lacks jurisdiction because a franchise is not involved and also urges that neither objector is an interested party within the statutory meaning of section 7—3 of the Revised Cities and Villages Act, and that no competent evidence was produced by either objector that the statute was not fully complied with.

From the record it appears that on September 4, 1957, the city of East St. Louis adopted an ordinance requesting annexation of certain described territory containing 1,125 acres to the city and requesting the county judge of St. Clair County to submit the question of annexation to the corporate authorities of the city of East St. Louis after having set a hearing thereon. Such ordinance was filed in the county court of St. Clair County on September 10, 1957, at which time the court entered an order setting a hearing thereon for October 1, 1957, all legal notices of such hearing to issue. The record contains no evidence of any notice of any nature of such hearing. On September 24, 1957, appellants filed objections to such proceedings, alleging eighteen reasons why the proceedings and ordinance were

null and void. A hearing was held November 1, 1957, and on November 8, 1957, the order appealed from was entered.

At the hearing only one witness was heard and two exhibits were received in evidence. Francis Touchette, the sole witness, testified that he was and is interested in the incorporation of the city of Centreville; that exhibit 1 was a plat representing the city of Centreville; that exhibit 2 was a plat of the area attempted to be annexed; that Grand Marias State Park was a portion of the area attempted to be annexed; that a portion of the city of Centreville was in the area attempted to be annexed; that the area east, south and west of the area attempted to be annexed is not subdivided into lots or blocks but is farm land; that houses are located in the area attempted to be annexed in which lived certain named persons (not including witness); that the territory attempted to be annexed is more than 60 acres and is not completely surrounded by any municipality; that witness voted on the incorporation of the city of Centreville in September, 1957, and it carried three to one; that he is the person who filed the petition for the city of Centreville; that at such time no election was held; that at the time witness was a resident of the city of Centreville; that objections were filed prior to the referendum on the incorporation of the city of Centreville; that he filed the objection for the city of Centreville and was representing it.

Counsel for the city of East St. Louis was called to testify by objectors to prove no publication of notice of hearing, but his objection to testifying was sustained by the court.

Exhibits 1 and 2 were admitted in evidence over objection, the court stating they were part of the records of the court.

Appellants statement of facts recites many details as to certain proceedings concerning the organization of the city of Centreville. These allegations indicated the filing in

county court on August 30, 1957, of a petition for incorporation; an order for and an election on September 23, 1957, and canvass thereof on September 24, 1957; an election pursuant to the county court order on November 4, 1957, for city officials, and issuance of certificate of incorporation by the Secretary of State on December 30, 1957.

From the order of the county court admitting exhibits 1 and 2 in evidence as part of the records of the court it is apparent that the county court took judicial notice of the petition for incorporation of the city of Centreville previously filed in the court. Furthermore, courts are required to take judicial notice of the existence of all villages and cities organized under the Revised Cities and Villages Act. Ill. Rev. Stat. 1957, chap. 24, par. 4—1; *People ex rel. Wellman* v. *Washburn,* 410 Ill. 322; *Village of Catlin* v. *Tilton,* 281 Ill. 601.

From the exhibits in evidence and the testimony of objector Touchette it affirmatively appears that the proposed annexation of the territory in question to the city of East St. Louis would destroy the contiguity of and dissect the territory of the city of Centreville as proposed in the petition filed in the county court prior to the institution of the annexation proceedings. A decision sustaining the annexation proceedings would have the practical effect of destroying the legal prerequisites to the continued existence of the city of Centreville as a municipal corporation and therefore it would appear that a franchise is involved so as to give this court jurisdiction on appeal. *People ex rel. Simpson* v. *Funkhouser,* 385 Ill. 396.

It is further contended that neither of the objectors-appellants have any standing to bring this appeal or to contest the annexation ordinance because they are not a party in interest as contemplated by the statute in question. Section 7—3 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1957, chap. 24, par. 7—3) makes provision for the

filing of objections to a petition for annexation and spells out "any interested person" may file with the county clerk his objections. No decisions have been called to our attention and none have been found in which has been determined the extent of interest required to entitle a person to object to an annexation proceeding. Said section 7—3 spells out that such person may file with the county clerk his objections (1) that the territory described in the ordinance is not contiguous to the annexed municipality; (2) that the petition is not signed by the requisite number of electors or property owners; (3) that the description of the territory contained in the ordinance is inadequate; and (4) that the objector's land is located on the perimeter of the territory, that he does not desire annexation, and that the exclusion of his land will not destroy contiguity. Among other matters, the city of East St. Louis argues that none of the objectors' objections fall within any of the above four classifications and therefore that they have no standing.

It is fundamental, however, that to determine the legislative intent embodied in a statute the entire statute must be considered. Sections 7—1 to 7—6.1 inclusive, of the Revised Cities and Villages Act (Ill. Rev. Stat. 1957, chap. 24, pars. 7—1 to 7—6.1, inclusive,) constitute the entire statute concerning annexation of territory to municipalities. Section 7—4, providing for hearing upon the petition or ordinance, clearly contemplates the hearing of evidence on the validity of the petition or ordinance by the court. We conclude from a reading of the entire statute that it contemplates the filing of objections to the petition or ordinance for any matter going to the validity thereof by any interested person, as well as for the four specific objections set forth in section 7—3. We are of the opinion that the evidence in this case establishing that appellant Touchette filed the petition for incorporation of the city of Centreville, that he resides in the territory proposed to be incorporated as

such city, and that the territory proposed to be annexed would destroy the contiguity of said city of Centreville, clearly gives him a direct interest as to entitle him to file objections and be heard in the proceeding.

On the merits of the matter, we are of the opinion that both appellants' objections are sound. A court will take judicial notice of its own records and the facts established therein. (*Lee* v. *Finley,* 413 Ill. 445; *Blyman* v. *Shelby Loan and Trust Co.* 382 Ill. 415.) From the court's admission of exhibits 1 and 2 and the judicial notice it was bound to take thereof, it clearly appears that the territory proposed to be annexed includes certain territory previously included in the petition for organization of the city of Centreville. By virtue of section 3—12 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1957, chap. 24, par. 3—12) and from *People ex rel. Hathorne* v. *Morrow,* 181 Ill. 315, it is clear that no proceeding for the annexation of a territory, or a part thereof, to any other municipality may be legally initiated after a petition for the organization of said territory into a city has been filed unless said organization is defeated. Consequently, from the matters appearing in the record and from the matters already on file in the county court of St. Clair County it appears that under the statutes and decisions of this court the county court had no jurisdiction, power or authority to entertain the annexation ordinance so long as the petition for incorporation of the city of Centreville was on file and undefeated.

It is fundamental that a municipality has no power to extend its boundaries unless and except in the manner authorized by the legislature so to do. *People ex rel. Universal Oil Products Co.* v. *Village of Lyons,* 400 Ill. 82.

An examination of said sections 7—1 to 7—6.1, inclusive, of said Revised Cities and Villages Act clearly indicates a specific procedure and pattern intended by the

legislature to be followed. Annexation proceedings can be initiated either by written petition signed by owners of the land and by electors residing in the territory to be annexed, or by municipal ordinance expressing a desire to annex certain territory, being filed with the county clerk. Thereupon the county court is required to enter an order fixing a time for hearing and giving certain notice of said hearing by publication. At the hearing the court hears any objections to the annexation and determines the validity of the proceeding, and if satisfied that the statute has been fully complied with the court is required to enter an order directing the question of annexation to be submitted to the corporate authorities of the annexing municipality or to the electors of the unincorporated territory, as the case may be, for final action. The legislature clearly intended that if the property owners and electors of an unincorporated territory file a sufficient petition for annexation to a municipality, and it is found to be valid, the matter should be submitted to the corporate authorities of the annexing municipality, and if the corporate authorities of the annexing municipality initiate the proceeding for annexation by good and sufficient ordinance filed in county court, then the question should be submitted to the electors of the unincorporated territory. This is fully borne out by the provisions of section 7—6.1, which spells out that if the court finds an annexation ordinance to be valid the county judge shall submit the question of annexation to the electors of the unincorporated territory at a special election on a date to be fixed by the court within 60 days after entering the above order. The record in this case not only fails to disclose the publication of any notice of hearing on the annexation ordinance but it affirmatively discloses that the clear, unambiguous provisions of the statute were ignored. The question of annexation was not submitted to the electors of the territory to be annexed, and therefore no valid annexation of the territory in question has been accomplished.

It further appears affirmatively from the record that the territory to be annexed was in excess of 10 acres, was not subdivided into lots or blocks, was not bounded on at least three sides by land subdivided into lots or blocks, was not expressly consented to by the owner of said tract, and there being a certain State park owned by the State of Illinois situated in the territory in question no consent of the proper governmental authorities for annexation was obtained. All of these factors, singly and together, compel the conclusion that the municipal authorities of the city of East St. Louis, or their counsel, have deliberately attempted to ignore, evade, avoid or supersede the clear, unambiguous conditions precedent and requirements for a valid annexation of the territory. This is further confirmed by the fact that the city of East St. Louis, in its brief, makes no attempt to defend or sustain the annexation proceeding on its merits.

It is apparent, from the face of the record and the statutes in such case made and provided, that the judgment and order of the county court, and the purported annexation proceedings had thereunder, are invalid, null, void and of no force and effect whatsoever and that the county court of St. Clair County should have entered a judgment in favor of objectors-appellants and against the petitioner-appellee.

The judgment and order of the county court of St. Clair County is reversed and the cause is remanded, with directions to enter judgment in favor of objectors-appellants and against the petitioner-appellee and dismissing said proceedings for annexation.

*Reversed and remanded, with directions.*