La Salle National Bank, etc., Appellee, v. 100 North La Salle Street, etc., et al., Defendants.
On Appeal of 100 North La Salle Street Building Corporation, Appellant.
100 North La Salle Street Building Corporation, etc., Appellant, v. La Salle National Bank, etc., et al., Defendants Below.
La Salle National Bank, etc., Appellee.

Gen. Nos. 47,938 and 47,939.

First District, Second Division.

March 8, 1960.

Released for publication April 22, 1960.

Kirkland, Ellis, Hodson, Chaffetz, and Masters, of Chicago (Max E. Wildman and Robert A. Deane, of counsel) for appellant.

Harold W. Sullivan, of Chicago, for appellee.

JUSTICE KILEY delivered the opinion of the court.

These appeals by the 100 North La Salle Street Building Corporation are from "identical motions and identical rulings on the same day . . . in related cases." The Corporation applied for injunctive and alternative relief against the Trustee and the trial court denied the relief.

The common question is whether the trial court properly decided it had no jurisdiction to entertain the applications for relief.

Both proceedings arise from a main suit in which the Trustee sued the Corporation for property damage due to its negligence, and the Corporation counterclaimed in an action over, on a contract, to recover from the Trustee should the Corporation be held liable in damages to the Trustee and other claimants. In the main suit the trial court directed a verdict against the Trustee and dismissed the Corporation's counterclaim. It entered judgments accordingly and the Trustee appealed from the judgment against it. That appeal is pending in this court.

140

The Corporation did not move within 30 days to vacate or modify the judgment against it on the counterclaim. It did not file notice of appeal within 60 days.

After the 60 day period for filing notice of appeal had passed, the Corporation filed its motion for injunction seeking to restrain the Trustee from disposing of assets, or in the alternative, that it be compelled to provide a surety bond in value equal to the trust assets on the day the judgments were entered in the main suit. The Corporation's purpose was to prevent the Trustee from "stripping the trust" and thus to frustrate the Corporation should it eventually succeed in getting judgments against the Trustee in actions over after judgments against the Corporation by the claimants for property damage.

The Corporation has the burden of showing that the trial court had jurisdiction. We think that it has not sustained the burden.

No case has been cited by the Corporation which held that a trial court has jurisdiction to grant an injunction or require a surety bond under circumstances like those before us. In Thillens, Inc. v. Cooper, 345 Ill. App. 145, 150, *approved.* Thillens, Inc. v. Hodge, 2 Ill.2d 45, 57–58, the rule stated was that relief may be given to preserve the status quo. If the relief sought in the instant case were granted, the status quo of the case on appeal would be disturbed because the Trustee in that case in this court is not burdened with a restraint on its trust powers nor with a surety bond. Cases approving contempt proceedings in the trial court for violation of a decree on appeal, as discussed in People v. David, 328 Ill. 230, 234, do not aid the Building Corporation. The rule in situations like that presupposes the validity of the court's order, for violation of which the contempt lies. Under the presumption of the validity of the judgment against the Trustee

141

on appeal here, the trial court would have seen no need of the injunction because the judgment appealed from was in favor of the Building Corporation, and, if affirmed, would remove the basis of the action over in the counterclaim.

█ In A. R. Barnes & Co. v. Chicago Typographical Union No. 16, 232 Ill. 402, the Supreme Court stated that if a "matter" was not affected "in any way" by the appeal, or is not "dependent in any respect" on the final outcome of the suit "until the decree has been affirmed by the Appellate Court," the trial court may entertain proceedings to "maintain its authority." This was to prevent the loss by a party of the "fruits of the litigation" during appeal. The case of Lind v. Spannuth, 8 Ill.App.2d 442, aff'd, 9 Ill.2d 311, is authority for the rule that the jurisdiction of the trial court is not completely terminated during appeal. This is conceded.

The "fruits of litigation" which the Supreme Court was speaking of protecting in the Barnes case were in being. The "fruits" which the Corporation seeks to protect are being anticipated notwithstanding the presumption that they will never come into being, i.e., if the judgment is affirmed, the Corporation will not need protection. We think the relief sought by the Corporation would have the effect of modifying the judgment before us and to that extent would be an interference in the appeal. The trial court had no jurisdiction to grant the relief. Lind v. Spannuth, 8 Ill.App.2d 442, aff'd, 9 Ill.2d 311.

█ We conclude the trial court had no jurisdiction to entertain the application for an injunction or to compel the furnishing of the surety bond because no case cited is authority for sustaining jurisdiction in the trial court to enter the order, and because we think that by implication and inference, cited cases support the order of the court in this case.

We need not decide the contention that because the Trustee appeared in response to the Corporation's motion for injunction, the trial court was revested with jurisdiction. In view of our conclusion that the court had no jurisdiction of the subject matter of the Corporation's application for relief, the Trustee's appearance could not vest the trial court with the jurisdiction to grant the relief prayed.

The orders in the consolidated cases are affirmed.

Affirmed.

MURPHY, P. J. and BURMAN, J., concur.