*In re* CHARLES JEREMIAH WILLIAM GONDER *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, v. Charles R. Gonder *et al.*, Respondents-Appellants).

Fourth District   No. 4—86—0251

Opinion filed November 12, 1986.

Thomas A. Bruno, of Urbana, for appellants.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE MORTHLAND delivered the opinion of the court:

On January 23, 1985, the Champaign County circuit court found respondents, Charles and Sandra Gonder, to be unfit parents and terminated parental rights in the Gonders' two minor children. On December 31, 1985, in an order under Supreme Court Rule 23 (87 Ill. 2d

R. 23), this court determined that the trial court had improperly failed to serve summons upon the minor respondents, making the January 23, 1985, order voidable for lack of personal jurisdiction. *In re Gonder* (1985), 137 Ill. App. 3d 1162 (order under Supreme Court Rule 23).

This court's mandate, reversing and remanding the January 23, 1985, order was filed in the circuit court on February 7, 1986. Prior to that date, on January 29, 1986, the Champaign County State's Attorney filed a new supplemental petition which sought to have the Gonders adjudicated unfit parents and terminate their parental rights. Summons was served upon the Gonders and the minor respondents.

The circuit court held an admonishment hearing, an adjudicatory hearing, and a dispositional hearing on the new supplemental petition. The court took judicial notice of its record in this cause and, after some additional testimony from the Gonders, found the respondents unfit.

■ On appeal the Gonders claim that the circuit court could not adjudicate the supplemental petition because it was filed before the appellate court mandates revested the court with jurisdiction. The respondents further argue that even if the circuit court had jurisdiction, it could not take judicial notice of prior proceedings in lieu of an evidentiary hearing. Finally, respondents claim that the court's finding that they were unfit parents is against the manifest weight of the evidence. We agree that the circuit court had no jurisdiction of this cause until the appellate court's mandate was filed. Accordingly, we reverse the circuit court's order and remand for further proceedings.

■ With limited exceptions not applicable here, appeal from a final order divests the circuit court of jurisdiction in a case. (*Bank of Viola v. Nestrick* (1981), 94 Ill. App. 3d 511, 418 N.E.2d 515.) The circuit court loses authority to take any action which would affect the order appealed from. (*Payne v. Coates-Miller, Inc.* (1979), 68 Ill. App. 3d 601, 386 N.E.2d 398.) Conversely, the reviewing court retains jurisdiction of the appeal until that court's mandate is filed in the circuit court. (*PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 427 N.E.2d 563.) Although a party may waive proper notice of the filing of the appeals court mandate, the parties cannot vest the circuit court with jurisdiction by agreement. (*Lind v. Spannuth* (1956), 8 Ill. App. 2d 442, 131 N.E.2d 796, *aff'd* (1956), 9 Ill. 2d 311, 137 N.E.2d 360; see also 87 Ill. 2d R. 369(c).) If the circuit court attempts to act after notice of appeal is filed, but before the reviewing court's mandate is returned, such actions are void.

The circuit court did not regain subject matter jurisdiction over this cause until February 7, 1986. Thus, the supplemental petition,

service of process, and admonition hearing were without effect. Similarly, the circuit court could not adjudicate the supplemental petition or make any disposition without having had jurisdiction when the petition was filed.

■ Since the circuit court's order disposing of the supplemental petition must be reversed, we also address the issue of whether the circuit court may properly take judicial notice of earlier proceedings in this cause. Generally, a court may take judicial notice of its own records and facts contained therein. (*In re Brown* (1978), 71 Ill. 2d 151, 374 N.E.2d 209; *City of East St. Louis v. Touchette* (1958), 14 Ill. 2d 243, 150 N.E.2d 178.) "[M]atters susceptible of judicial notice include facts 'capable of immediate and accurate demonstration by resort to easily accessible sources of indisputable accuracy.'" *People v. Davis* (1976), 65 Ill. 2d 157, 161, 357 N.E.2d 792, 794.

In taking judicial notice of the record of prior proceedings in this cause, the circuit court apparently sought to expedite matters and eliminate the need to recall nonparty witnesses. However, this procedure also skirted the normal rule that prior testimony is hearsay that may be used as substantive evidence only when the witness is unavailable by death, illness or other such cause. *Dear v. Chicago Transit Authority* (1979), 72 Ill. App. 3d 729, 391 N.E.2d 119.

On remand, if any party objects to the use of former testimony as substantive evidence, the circuit court must uphold the objection unless the circumstances are such as permit use of former testimony. (*Dear v. Chicago Transit Authority* (1979), 72 Ill. App. 3d 729, 391 N.E.2d 119.) However, if the parties are satisfied that prior testimony will permit them to adequately present their cases, they may stipulate that witnesses would testify according to their previous statements. (See *People v. Ford* (1976), 44 Ill. App. 3d 94, 357 N.E.2d 865.) The procedure previously followed by the circuit court in this cause is permissible so long as the parties do not object.

For the foregoing reasons, we reverse the order finding the adult respondents unfit parents and terminating their parental rights. The cause is remanded for further proceedings consistent with this order.

Reversed and remanded.

WEBBER and GREEN, JJ., concur.