THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KEITH A. BROWN, Defendant-Appellant.

Fourth District   No. 4—88—0382

Opinion filed December 22, 1988.—Rehearing denied January 25, 1989.

Robert G. Frederick, of Johnson, Frank, Frederick & Walsh, of Urbana, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On March 16, 1988, in the circuit court of Champaign County, defendant Keith A. Brown was found guilty by a jury of the offense of driving under the influence of alcohol (DUI), in violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par.

11—501). Defendant was subsequently placed on probation for one year. Defendant now appeals. We reverse.

Due to the nature of this opinion, it is not necessary to set forth the evidence presented at trial. On November 16, 1987, defendant, following a nonfatal traffic accident, was charged with the offense of DUI. On February 22, 1988, a hearing was held on defendant's motion to rescind his statutory summary suspension. At that hearing, the arresting officer testified. Defendant's motion was denied.

On February 25, defendant filed a motion to suppress evidence, alleging he was arrested without probable cause. A hearing was held on March 1, 1988. Defendant testified the accident occurred at 7:30 p.m. He drank three beers between noon and 3 p.m. He stated he was not under the influence of alcohol at the time of the arrest. The State then asked the court to take judicial notice of the arresting officer's testimony at the earlier hearing. Over defendant's objection, the court did so, and then found probable cause existed. Defendant believes this procedure was erroneous, and we agree.

Our recent opinion in *In re Gonder* (1986), 149 Ill. App. 3d 627, 500 N.E.2d 1004, resolves this question. In that case, the circuit court found the parents of minor children were unfit. On appeal, it was discovered the minor respondents were not properly served summons, and the case was reversed and remanded. The trial court held a new hearing and took judicial notice of all the testimony at the earlier hearings. This court stated:

"Since the circuit court's order disposing of the supplemental petition must be reversed, we also address the issue of whether the circuit court may properly take judicial notice of earlier proceedings in this cause. Generally, a court may take judicial notice of its own records and facts contained therein. (*In re Brown* (1978), 71 Ill. 2d 151, 374 N.E.2d 209; *City of East St. Louis v. Touchette* (1958), 14 Ill. 2d 243, 150 N.E.2d 178.) '[M]atters susceptible of judicial notice include facts "capable of immediate and accurate demonstration by resort to easily accessible sources of indisputable accuracy." ' *People v. Davis* (1976), 65 Ill. 2d 157, 161, 357 N.E.2d 792, 794.

In taking judicial notice of the record of prior proceedings in this cause, the circuit court apparently sought to expedite matters and eliminate the need to recall nonparty witnesses. However, this procedure also skirted the normal rule that prior testimony is hearsay that may be used as substantive evidence only when the witness is unavailable by death, illness or other such cause. *Dear v. Chicago Transit Authority* (1979), 72 Ill.

App. 3d 729, 391 N.E.2d 119.

On remand, if any party objects to the use of former testimony as substantive evidence, the circuit court must uphold the objection unless the circumstances are such as permit use of former testimony. (*Dear v. Chicago Transit Authority* (1979), 72 Ill. App. 3d 729, 391 N.E.2d 119.)" *Gonder*, 149 Ill. App. 3d at 629, 500 N.E.2d at 1005-06.

In the present case, defendant did object to the circuit court taking judicial notice. There is no indication in the record why the arresting officer was not present. Accordingly, the exception mentioned in *Dear* is not applicable.

■ It is apparent, therefore, the testimony of the officer at the previous hearing should not have been considered by the court. Accordingly, the order of the circuit court denying defendant's motion must be vacated, and the matter must be remanded to the circuit court for further proceedings on the motion to suppress consistent with this opinion.

The judgment of the circuit court of Champaign County is reversed and remanded.

Reversed and remanded.

KNECHT and SPITZ, JJ., concur.